Stutsman v. The B. & S. W. R. Co. et al.

VERDICT: SUFFICIENCY OF EVIDENCE.

*Appeal from Davis District Court.*

FRIDAY, JUNE 11.

ACTION to recover damages caused, as plaintiff claims, by a horse belonging to him being struck and injured by a train on defendant's road. Trial by jury; verdict and judgment for the plaintiff. The defendant appeals.

*Trimble, Carruthers & Trimble,* for appellants.

*Traverse, Payne & Eichelberger,* for appellee.

SEEVERS, J.—Counsel for appellants say: "We have but little complaint as to the instructions. The court, however, on its own motion, instructed the jury that if the horse was injured at the cattle-guard, by being driven into it, then they should find for the plaintiff.

It is possible such instruction did no harm, but it was improperly given, and just such instruction is well calculated to mislead the jury." We have examined the instructions, and fail to find them to be objectionable. The case was fully and fairly submitted to the jury, and no just complaint can be made of the action of the court. In view of the objection made, it is deemed unnecessary to set out the instruction or state our reasons at greater length.

The material error assigned and insisted on is that the verdict is not sustained by the evidence, and is contrary thereto. It is not claimed the evidence was not conflicting. As to certain material matters there is, apparently, a preponderance of evidence in favor of the defendant. No person saw the horse struck by the engine.

The plaintiff relied mainly on the character of the injury, and we are constrained to say, the jury were fully warranted in concluding therefrom that the horse was struck by an engine on the defendant's road. Taking into consideration the character of the injury, the preponderance of the evidence is with the plaintiff.

The court below having overruled a motion for a new trial we cannot, under the settled practice, interfere, even if the evidence was conflicting merely. *Dewey v. C. & N. W. R. Co.,* 31 Iowa, 373.

AFFIRMED.