CLARK v. THE K. C., ST. L. & N. R. Co.

1. **Railroads**: INJURY TO STOCK: EVIDENCE. In an action to recover for injury to stock alleged to have been caused by its being struck by a railway train, where there is no direct evidence of a collision nor of traces of one along the track, evidence to show that such traces are always found when stock is struck by a passing train is not admissible.

*Appeal from Davis Circuit Court.*

WEDNESDAY, MARCH 23.

ACTION to recover damages, caused, as the plaintiff claims, by a train on defendant's road striking and injuring a horse belonging to the plaintiff. Trial by jury; verdict and judgment for plaintiff, and defendant appeals.

*Trimble, Carruthers & Trimble*, for appellant.

*Traverse, Payne & Eichelberger*, for appellee.

SEEVERS, J.—The horse was turned into a pasture through which the road was operated on Saturday afternoon, and was found on the Monday following standing on three legs twenty-five rods from the track. One hind leg was broken a few inches above the pastern joint. The evidence tended to show there were two or three slight abrasions of the skin on other parts of the horse. No other injuries were observed. No one saw the horse struck by the train, and the several engineers who ran trains over the road during the time aforesaid testified their respective trains, to their knowledge, did not strike any animal; and some of them, at least, testified the train in their charge might strike an animal and they not observe it. The evidence also tended to show that one end of the fractured bone was square, the other oblique, and that a portion of the bone was missing. There was no evidence tending to show there was any blood or other signs of the horse being struck by a train, nor showing how the horse got

where he was found. We think it may be safely said there was evidence tending both ways, as to whether it was possible for the horse to have been injured by anything else than the train.

I. It is assigned as error that the verdict is not supported by the evidence. It was held in *Stutsman v. B. & S. W. R'y Co.*, 53 Iowa, 760, that the character of the injury might be considered by the jury for the purpose of determining it had been caused by a train. This evidence would be more persuasive in some cases than in others, depending on the character of the injury. In the present case the jury must have so concluded, and we cannot say it was not. It follows, therefore, there was a conflict in the evidence, and we cannot interfere, although, looking alone at the record before us, we might conclude the preponderance of the evidence was with the defendant.

If the verdict had been for the defendant we should have been better satisfied, but, as the Circuit Court refused to set it aside, we cannot, under the established rules, do so.

II. Counsel for the appellant say: "Several questions (were asked a witness) the purpose of which was to show 1. RAILROADS: when animals are struck by moving trains, and injury to stock: evidence. their limbs broken or mashed, there is always some indication left along the track of the collision. These several questions were objected to on the ground that such testimony would be expert testimony, and hence incompetent." It is conceded the fact sought to be established would not be expert evidence, but that the evidence would establish a fact is the claim made, and was, therefore competent. In support of this proposition, *Moreland v. Mitchell County*, 40 Iowa, 394, is relied on. The evidence introduced in that case tended to establish the habits of horses, and it was held admissible on the ground that "the nature, habits and peculiarities of horses are not known to all men." In the case at bar we think the jury must have known if the horse in question was struck by the engine,

that some marks or signs of such fact would appear on or near the track, just as they would know if there is a fire there invariably is smoke. The proposed evidence was, therefore, inadmissible.

AFFIRMED.