## SWEET v. CHICAGO, M. & ST. P. RY. CO.

1.  In an action against a railroad company for killing stock at a highway crossing on its right of way, an eyewitness to the collision is not indispensable to a recovery.

2.  Facts fairly proved, from which different unprejudiced minds might properly draw different conclusions as to the cause of the death or injury proved, are sufficient to send the case to the jury on that question.

3. In such case the verdict of the jury, affirmed by the trial court on motion for new trial, will not be disturbed in this court.

(Syllabus by the Court. Opinion filed Sept. 1, 1894.)

Appeal from circuit court, Kingsbury county. HON. J. O. ANDREWS, Judge.

Action to recover the value of a colt alleged to have been killed by defendant. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*H. H. Field* and *Farmer & Farmer*, for appellant.

No cause should be determined upon a mere presumption of fact when direct evidence can be readily obtained. Miller v. Railroad, 31 N. W. 479. The mere fact that the animal was lying near the track injured was no ground for inferring that it was injured by the train. Jenkiche v. Minneapolis, 7 N. W. 363; Asbach v. Chicago, 37 N. W. 182; Brochhert v. Railroad, 39 N. W. 871.

*Schenian & Savage*, for respondent.

It was permissible to prove the circumstances showing that the colt was killed by the train. Clark v. Railroad, 8 N. W. 396; Van Slyck v. Chicago 45 N. W. 396; Kraus v. Burlington, 55 Ia. 338; Listen v. Central, 29 N. W. 445. When the facts are disputed the question of negligence should be left to the jury. Williams v. Northern, 14 N. W. 97. Upon a motion for a new trial upon the grounds of the insufficiency of the evidence, the notice should state in what particulars the evidence fails. Holcomb v. Keliher, 3 S. D. 497; Illstad v. Anderson, 49 N. W. 659; Wood v. Nissen, 49 N. W. 103; Davidson v. Baum, 19 Pac. 46; Neals v. DePat; 29 Pac. 954.

KELLAM, J. In the circuit court for Kingsbury county, respondent recovered judgment against appellant for the value of a colt alleged to have been killed by appellant's train of cars.

The company appeals, and assigns errors as follows: Insufficiency of evidence to support the verdict, error of the court in

overruling defendant's motion to direct a verdict in its favor, and error in denying defendant's motion for a new trial.

The defendant offered no evidence, and that of the plaintiff as to the only fact in dispute, to wit, the killing by defendant, was very brief, and came from his wife. She says that about 3 o'clock in the afternoon, from their home, half a mile distant, she saw the colt running north, on the east side of the track, with the train approaching and near to it. Reaching the highway crossing, it turned to cross the track. She did not see the train strike the colt, but immediately after the train passed she went up stairs, and looked out of the window to see if she could see the colt, but could not. She says the train "did not slow up any." Plaintiff testified that an hour or two after he found the colt "near the crossing, just on the west side of it, with two ribs, on the left side, stove in, and his left leg was useless; his hind foot was also badly cut up and bruised," but "no bones was broken." The colt died that evening about 9 o'clock. While this evidence is not entirely certain or conclusive as to the fact of the injury by defendant's train, it was sufficient to send the case to the jury upon that question. It was not indispensable that there be an eye witness to the very fact of striking. In Stutsman v. Railroad Co. (Iowa) 6 N. W. 63, the court said: "No person saw the horse struck by the engine. The plaintiff relied mainly on the character of the injury, and we are constrained to say the jury were fully wrrranted in concluding therefrom that the horse was struck by an engine on the defendant's road." In Clark v. Railroad Co., 55 Iowa, 455, 8 N. W. 328, a horse was found in a pasture, through which defendant's road ran, in a crippled and bruised condition. No one saw the horse struck by the train, and yet it was held to have been properly left to the jury to determine whether the horse was injured by the train. The fact of the presence of the colt upon the track in near proximity to an approaching train; that it apparently attempted to cross the track; that its ribs were "stove in" upon the side which, under the

conditions named, would be next to the engine; that it was found soon after by the side of the track,—were all circumstances bearing with more or less force upon the question of the cause of the injury. The other fact, that no bones were broken, may have tended to show it improbable that the colt was struck by the engine, but the conclusion to be drawn from all the facts was clearly for the jury. For the reason that the facts proved might reasonably sustain an inference that defendant's train inflicted the injury resulting in the death of the colt, which would make a *prima facie* case for plaintiff, there was no error in refusing to direct a verdict for the defendant. For the same reason the verdict of the jury will not be disturbed by this court, nor can error be successfully predicted upon the refusal of the court to grant a new trial on the ground of insufficiency of the evidence to support the verdict. The judgment of the circuit court is affirmed. All the judges concur.