ELIZA J. KERN, Appellant, v. SARAH J. MAY.

Practice: New Trial. An order granting a new trial because the general and special verdicts are not supported by the evidence will not be disturbed, even though the evidence preponderates in their favor. Abuse of discretion must appear.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, DECEMBER 15, 1894.

ACTION at law to set aside the will of James Johnson, deceased. The case was tried to a jury that returned a verdict for plaintiff, which verdict the court, on motion, set aside, and awarded a new trial, and from the ruling the plaintiff appealed.—*Affirmed.*

*Rickel & Crocker* for appellant.

*Mills & Keeler* for appellee.

GRANGER, C. J.—James Johnson, now deceased, made his will on the eighth day of September, 1891. At the time of making his will, he was a widower, and had but one child, who is the plaintiff. The defendant was his niece. He owned one hundred and thirty acres of land, in which he devised to his daughter a life estate. The remainder of his estate was to go to the children of the daughter, if she died leaving any. If the daughter died without issue, then the remainder was to go to the defendant. The grounds upon which it is sought to set aside the will are undue influence and the intoxication of the testator when the will was executed. It is agreed that the will was executed on the eighth day of September, but the parties are in dispute as to whether it was before noon or between the hours of 5 and 7 o'clock P. M. The importance of this dispute, as to the particular time, is because of evidence showing that Johnson was intoxicated the latter part of the day. The jury found, specially, that Johnson was intoxicated when he signed the will, and that it was signed at from 5 to 7 o'clock in the evening. The general verdict was that the will should be set aside. The motion for a new trial presented twelve grounds, eight of which the court overruled, and four of which it sustained. From this action of the court it appears that the motion was sustained on the ground that neither the special finding nor the general verdict was supported by the evidence.

The only question for our consideration is whether or not the district court abused its discretion in awarding the new trial. Appellant contends with great earnestness and a lengthy review of the evidence that there was such abuse as to warrant us in reversing its

action. We do not think so. It is true that the witnesses, in number, preponderate in favor of plaintiff, and even though, in our judgment, the evidence might do so, still it would not necessarily follow that the discretion of the court was abused. Counsel do not differ as to law governing the case, but only as to the fact of what amounts to such an abuse. In view of a new trial, it is not proper that we should discuss the evidence leading to our conclusion. It is clearly a case in which the judgment of the district court should be controlling. As early as 31 Iowa, 373, in the case of *Dewey v. Railway Co.*, this court cautioned trial judges against an undue delicacy in awarding new trials, assuring them that the rule governing this court was without application to them; and it is there said "they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice." The district court saw the witnesses, and heard their statements, and its opportunity is far superior to ours to know whether or not the verdict was of a character to do substantial justice. With our reading of the record, with the disadvantage of not seeing or hearing the witnesses, the facts important to support the verdict are not so clear as to be without doubt. We are without doubt that it is not a case of abuse of discretion, and the judgment is AFFIRMED.