The Arctic King Refrigerator Company v. Kelly & Diehl, Appellants.

Practice:  new trial.   An order of the trial court, made on its own 1  motion, setting aside a verdict as being contrary to the evidence and the instructions, and ordering a new trial, will not be disturbed unless there has been a clear abuse of discretion.

*Appeal from Cedar District Court.*—Hon. J. H. Preston, Judge.

Wednesday, May 29, 1895.

Action at law to recover a balance alleged to be due upon advancements of money made by plaintiff to defendants, and for freight paid and commissions upon four car loads of eggs shipped by defendants to plaintiff.   There was a trial by jury, and a verdict for the defendants for one dollar.   The verdict was set aside,

and a new trial granted, and defendants appeal.— *Affirmed.*

*Wolf & Hanley* for appellants.

*Wheeler & Moffit* and *R. G. Cousins* for appellee.

Rothrock, J.—I.   In the years 1891 and 1892 the plaintiff was the proprietor of a cold-storage plant at a small village named Linfield, in the state of Pennsylvania.   Its business was that of storing butter, eggs, cheese, and dried fruits, and keeping the same in such a temperature as to preserve them from spoiling or depreciating in value by reason of heat.   It advanced money and paid freight and commissions on consignments to it.   In the months of May and June, 1891, the defendants shipped from Tipton, in this state, to the plaintiff, four car loads of eggs, and the same were received by the plaintiff and placed in storage.   Some of the eggs were sold in the months of November and December, 1891, but the greater part remained unsold until January and February, 1892, the last sale being on the ninth of February.   The plaintiff made advancements from time to time to the defendants, and paid freight and commissions, so that, when all of the eggs were sold, the proceeds of the sales were less than the money advanced, freight commissions paid and interest, by some two thousand five hundred dollars.   This suit was commenced to recover that sum.   The defendants answered, in substance, that the eggs, when received by plaintiff, were fresh and in first-class condition, and that plaintiff failed to store and properly keep the same, so that many of them were lost or spoiled, and part of them were sold as No. 2 eggs, and at a much less price than they would have sold for if properly stored and kept, and that if plaintiff had properly cared for and stored said eggs, and sold the

same when it should have done so, there would have been a balance of about two thousand five hundred dollars due to the defendants, for which amount they claimed judgment against the plaintiff. The plaintiff by a reply averred that the eggs were shipped by plaintiff to commission merchants, and sold when ordered to do so by the defendants.

II. The parties appear to be at variance on two questions of fact; one is whether the eggs became damaged and spoiled because the plaintiff negligently cared for them, and whether they should have shipped them to commission merchants and sold them before they did. It is apparent from the acts of the parties that, when the eggs were placed in storage, they were not to be sold immediately. And we think it quite plainly appears that the defendants were to direct when the eggs should be sold. As we read this evidence as abstracted, it appears to us there is a conflict in the evidence upon the question as to the condition of the eggs when they were stored, and also whether the eggs were sold as soon as they should have been after the defendants ordered them to be sold. The court instructed the jury on these questions of fact, and directed them as to the manner in which they should arrive at a verdict, whether for the plaintiff or the defendants. The court set aside the verdict on its own motion, as being contrary to the evidence and the instructions of the court. This the court may do for error committed by the jury, which is apparent. *Allen v. Wheeler*, 54 Iowa, 631 [7 N. W. Rep. 111]. It is well understood that the setting aside of a verdict and ordering a new trial is a matter within the discretion of the court, and that this court does not interfere with such an order unless it appears that there has been a clear case of abuse of legal discretion. We do not think that the facts are such in this case as to warrant us in a reversal. As we have said, as shown by

the abstract there appears to be a conflict in the evidence, but we have nothing but the printed testimony of the witnesses, and it may be that there was something in the appearance of the witnesses as they testified which authorized the learned district judge to conclude that there was no such a conflict as would authorize a verdict for the defendants. The judgment of the district court is *affirmed*.