ANNA BROOKS v. BROTHERHOOD OF AMERICAN YEOMEN,
Appellant.

**Appeal:** GRANTING NEW TRIAL: *Discretion.* The action of the
trial court in granting a new trial will not be disturbed on
appeal unless an abuse of discretion is shown.

*Appeal from Dallas District Court.*—HON. JAMES D.
GAMBLE, Judge.

THURSDAY, FEBRUARY 6, 1902.

ACTION against defendant, a fraternal beneficiary asso-
ciation, to recover the benefit due under a certificate issued
to one Walter L. Brooks, benefit payable to plaintiff, his
wife. Verdict for defendant, which was set aside on plain-
tiff's motion for a new trial. Defendant appeals.—*Af-
firmed.*

*E. C. Corry* and *Edmund Nichols* for appellant.

*Shortley & Harpel* for appellee.

McCLAIN, J.—The defense which was sustained by the
jury, seems to have been that of suicide, the evidence in sup-
port of which was circumstantial. This court interferes re-
luctantly with the action of the lower court in granting a
new trial. In view of the fact that the trial court has heard
the evidence as given, and has had opportunities to observe
the effect of the evidence, it should exercise greater freedom
in granting new trials for insufficiency of the evidence than
will be exercised by this court on appeal. *Dewey v. Rail-
road Co.,* 31 Iowa, 373; *Cottage Organ Co. v. Caldwell,* 94
Iowa, 584; *Kern v. May,* 92 Iowa, 674. This court will not
interfere with the discretion of the lower court in such cases

unless it appears that there has been a clear case of abuse of legal discretion. *Refrigerator Co. v. Kelly,* 95 Iowa, 189. While in this case there was evidence, properly admitted, to sustain defendant's allegation of suicide, the lower court, we think, may properly have found that in some particular respect there was lacking an essential link to connect this evidence with the fact of death in such way as to constitute any proof whatever that suicide was committed. In view of the fact that the case will be retried, we do not deem it advisable to point out the specific weakness in defendant's evidence, but it is enough to say that in some respects the court might reasonably have thought it totally insufficient. The function of the court with reference to the evidence is not fully and completely discharged when it determines the admissibility of the different items of evidence offered. It may still look into the whole case to see whether these items of evidence together constitute any substantial proof of the fact sought to be established.—Affirmed.