MARTHA A. KOST, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Railways:** INJURY TO STOCK: DOUBLE DAMAGES: NOTICE. To recover
1 double damages for injury to stock on account of a defective right of way fence, notice of the injury must be served on the railway company at least thirty days before bringing suit. Service of notice in the instant case held insufficient to justify recovery of double damages.

**Trial:** ORDER OF PROOF: ADDITIONAL EVIDENCE. Where an attorney for
2 plaintiff was called into the case at the beginning of the trial, and his associate appeared only as a witness, permission to offer additional material evidence, after both parties had rested but before a ruling on defendant's motion for a directed verdict, might properly have been granted.

**New trial:** NEWLY DISCOVERED EVIDENCE: DISCRETION. The determina-
3 tion of a motion for new trial is largely discretionary and the ruling will not be disturbed on appeal when such discretion has not been abused. In the instant case the newly discovered evidence upon which the motion was based might properly have been received, but no abuse of discretion appears from its rejection.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

MONDAY, DECEMBER 14, 1914.

APPEAL from a judgment for double damages for killing stock, and from an order granting a new trial as to a verdict directed against plaintiff on another cause of action pleaded in a separate count.—*Affirmed* in part; *Reversed* in part.

*F. W. Sargent* and *J. H. Johnson,* and *Ranck & Messer,* for appellant.

*W. J. Baldwin* and *John J. Kost,* for appellee.

WITHROW, J.—I. This action is based upon a claim for double damages under the statute; the petition alleging that

by the negligence of the defendant a mare was killed by one of its trains on February 2, 1908, that a sow was killed on December 10, 1911, and a horse was killed on or about May 6, 1912, all of said property belonging to the plaintiff. Suit was commenced August 29, 1912; the petition being in three counts, in the order above stated. As to the first count, it is alleged that on the —— day of ————, 1908, written notice, accompanied by affidavit of the killing of the mare, was served on the defendant's agent, and that the written notice and affidavit and the copy have been lost. As to the other counts, copies of the notices and affidavits were pleaded. There was a prayer for double damages. The answer was a general denial. The trial resulted in a verdict for the plaintiff on count 1, with a special finding of the jury fixing the value of the mare at $180. On counts 2 and 3 a verdict was directed in favor of the defendant, which, upon motion for new trial as to count 3, was set aside. The trial court entered judgment on count 1 for $325, being for double the amount which it is claimed plaintiff fixed in her notice as the value of the mare. The defendant moved to reduce the judgment to $180, the value found by the jury, on the ground that there had been no proof of the service of notice required by statute as a basis for the recovery of double damages. This was denied, and from the refusal to reduce the judgment, and from the order granting a new trial as to count 3, the defendant appeals.

II. The claim for double damages is under Code, section 2055, which fixes such as the amount of liability for injuries resulting to stock from defective fences or cattle guards, if

1. RAILWAYS: injury to stock: double damages: notice.

payment of damages be not made within thirty days after notice in writing that a loss or injury to stock has occurred, accompanied by an affidavit. As to this branch of the case, the claim is made by the appellant that there was no proof as to the time of the service of the notice, and therefore the allowance of double damages was without warrant. On this question the

only evidence was that of John J. Kost, a brother of the plaintiff. As a part of his testimony there was offered what purported to be a copy of the notice and affidavit. This was at first admitted over the objection of the defendant, but later, in the cross-examination of Kost, it was excluded on the ground that it was not a true copy, and the defendant was ordered to produce the original, which was done, and it was introduced as Exhibit No. 1. On his cross-examination Kost testified that he had served but one affidavit and notice on the agent of the defendant. He was asked if he did not at that time swear that the value of the mare was $162.50. From this evidence we think it fairly appears that sufficient notice of loss was prepared, and from it there might fairly be inferred a service upon the agent of the defendant company. But this is not a sufficient meeting of the requirement of the statute that it should have been served at least thirty days before bringing suit. This fact is required not only to be pleaded but proven; and in the latter respect the evidence falls short of a definite showing of fact. The evidence from which it is claimed that proof of the time of service appears is in the testimony of Kost on cross-examination as to the amount claimed as the value of the horse; two different values having been fixed, one in the original claim and one in that which was offered as a copy of it. He was asked: "You had the same amount in the original, did you?" To which he answered: "I think I did." And then: "Will you swear to it?" With the answer: "I couldn't tell over that long a time; that is three or four years ago." This yet does not meet the requirement. The reference of the witness was to the notice, and not to its service; and to apply the answer "that was three or four years ago" to the date of service and as proof of it compels an inference which the evidence will not fairly bear. The trial court erred in allowing double damages and in not entering judgment on the special finding, which fixed the value of the horse at $180.

III. The motion for new trial as to count 3, made by the appellee, plaintiff, was based upon alleged errors of the trial

court in excluding offered evidence as to marks showing that
the horse alleged to have been killed by appellant's locomotive
was on the railroad track near where the body was found, and
also evidence for the purpose of showing that the wing of the
fence leading to the cattle guard had been broken outward,
apparently showing that a large body had been thrown against
it in the direction where the body of the horse was found.
An affidavit as to newly discovered evidence was filed with the
motion made by one of plaintiff's attorneys, who was called
to assist in the case at the commencement of the trial, suc-
ceeding an attorney who had previously given up his connec-
tion with the case.

The plaintiff after both parties had rested, and after the
presentation by the defendant of a motion for a directed ver-
dict but before ruling was had, asked permission to further
examine the witness Kost as to circumstances
2. TRIAL: order
of proof: addi-   surrounding the killing of the horse for which
tional evidence.
claim is made in count 3.   The request was
denied, evidently upon the theory that counsel for the plaintiff
had not shown sufficient diligence.   The offered evidence was
competent, going directly to that which tended to prove that
the death of the horse was occasioned by being struck by the
locomotive, and, had the trial court permitted its introduction
at the time plaintiff asked leave to so do, there would have
been no error.   The attorney who actively tried the case was
called into it one day before the trial commenced; his asso-
ciate, Kost, while a member of the bar, was not in active prac-
tice, and, so far as the record shows, appeared in the case only
as a witness, although nominally one of the attorneys for the
plaintiff.

The claim of newly discovered evidence, which was sup-
ported by the affidavit of counsel who tried the case, was based
upon the fact alleged and sworn to by him that, since his
connection with the case, he had learned that
3. NEW TRIAL:
newly discov-   employees of the defendant, being the section
ered evidence:
discretion.      foreman, Beubauer, and section men whose
names were unknown to him, had buried the horse, which was

badly mangled, and that by them he could prove such facts, and also that they had, at that time, repaired the broken wing of the cattle guard. The affidavit also stated that he was informed that the section men had refused to give plaintiff any information on the subject. The objection to the motion, as filed in the case, was that the newly discovered evidence could have been discovered prior to the time of the trial, had reasonable diligence been exercised, and that it was cumulative. The argument of the appellant is broader than the motion, going to the sufficiency of the affidavit. We must treat the question as it was presented to the trial court. This court has adhered to the rule that, unless there has been an abuse of discretion in granting a motion for new trial, we cannot interfere. *Royer v. Plaster Co.*, 147 Iowa, 278; *Kern v. May*, 92 Iowa, 674.

We have already in this opinion stated the conclusion that there would have been no error in reopening the case for the offered testimony. It was material and not cumulative in the sense that it covered that already testified to. Considering it together with the fact that the trial counsel was handicapped by a connection with the case at least now too long for its proper presentation in the exercise of large diligence, we find no grounds upon which we could properly rest a finding that there had been abuse of discretion.

Our conclusion as to the question of double damages requires a reversal of the judgment as to count 1; and the cause is remanded, with directions to enter verdict on that count in favor of plaintiff for $180, setting aside the judgment which was entered. As to count 3 the judgment of the trial court is affirmed. The costs of this appeal will be taxed one-half to each party.—*Affirmed* in part. *Reversed* in part.

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.