ANNIE ZARUBA BLAKELY, Appellant, v. JOHN CEBELKA, Appellee.

**NEW TRIAL: Discretion in Granting—Reluctant Interference by Appellate court.** An order granting a new trial because, in the opinion of the trial court, the verdict "is not sustained by the evidence as to testator's mental capacity," will be reluctantly interfered with on appeal.

Headnote 1:   4 C. J. p. 832.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE, Judge.

APRIL 7, 1925.

THIS was a proceeding to probate an instrument purporting to be the will of Joseph Zaruba. The instrument bore date of September 10, 1921. Zaruba, on the date of the instrument, was nearly 82 years old. He died some two years later. The instrument was filed for probate; and objections to the probate thereof were filed, based on three grounds, namely, denial of signature, undue influence, and unsoundness of mind. The case was tried to a jury. Proponents offered the testimony of the subscribing witnesses, W. R. Hitchens and Guy E. Heater, who testified that Joseph Zaruba signed the instrument in their presence, and that they witnessed the execution of the instrument at his request. The witnesses were cashier and assistant cashier of the Farmers State Bank, located in the county of Guthrie, and in the town where Zaruba had lived for many years. The witnesses testified to their acquaintance with Zaruba over a period of some years, and to business transactions with him, and that he was of sound mind when he signed the instrument. Contestant then offered evidence. At the close of the testimony of contestant, proponents moved for a directed verdict. The court sustained the motion as to the grounds of signature and undue influence, and overruled it as to the ground of unsoundness of mind. Proponents then submitted their testimony in rebuttal. At the close of all the testimony, the motion to direct was not renewed, and the case was submitted to the jury on the one issue whether Joseph Zaruba, at the time he executed the instrument in question, was of sound mind, within the meaning of the law, so that he was competent, under the law, to execute a valid last will and testament. The jury found for contestant. Proponents moved to set aside the verdict and to grant a new trial, which motion was sustained; and this appeal is taken from such ruling.—*Affirmed.*

*David S. David* and *W. D. Milligan,* for appellant.

*Moore & Moore,* for appellee.

ARTHUR, J.—The motion for a new trial was sustained on the ground, as stated by the trial court in his ruling, that the

verdict "is not sustained by the evidence as to the testator's lack of mental capacity." The question presented on this appeal, in its last analysis, is whether or not the trial court, in granting a new trial, abused his discretion. In an early case, *Dewey v. Chicago & N. W. R. Co.*, 31 Iowa 373, concerning a new trial we said:

"They [trial judges] ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice."

In many cases we have considered the discretion of the trial court in rulings on motions for a new trial, and have often expressed our reluctance to interfere with the rulings of the trial court. We have been more reluctant to interfere with a ruling granting new trial than with one refusing a new trial. *Woodbury Co. v. Dougherty & Bryant Co.*, 161 Iowa 571, and cases therein cited. In that case we said:

"The trial court is vested with a large discretion in passing upon motions for a new trial, and this discretion will not be interfered with, especially when a new trial is granted, unless it appears that there has been an abuse of this discretion."

Many cases might be cited, treating on this question, among them *Kern v. May*, 92 Iowa 674; *Brooks v. Brotherhood of Am. Yeomen*, 115 Iowa 588; *Thomas v. Illinois Cent. R. Co.*, 169 Iowa 337; *Porter v. Madrid State Bank*, 155 Iowa 617; *Campbell v. Centerville Block Coal Co.*, 190 Iowa 18.

Counsel for appellant reviewed the evidence, and earnestly and ably argue that the trial court abused its discretion in awarding a new trial, and that there was such abuse as to warrant reversal of the ruling. We cannot agree with counsel. We have carefully examined and considered the entire record, and reach the conclusion that the ruling of the trial court should not be interfered with. In view of a retrial of the case, we will refrain from discussion of the evidence.

Results in affirmance.—*Affirmed*.

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.