ORFIE FISK KELLEY, Appellee, v. ROSS GARDNER, Appellant.

No. 40839.

OCTOBER 20, 1931.

W. W. Bulman and G. C. Stuart, for appellee.

J. A. Penick and J. W. Kridelbaugh, for appellant.

■ DE GRAFF, J.—This is primarily a fact case. The appellee's right to recover rests almost wholly upon her uncorroborated testimony. The appellant challenges the sufficiency of the evidence to support a verdict in behalf of the appellee. We have read the record with care, and it would be of no benefit to recite the same in this opinion. We are persuaded that the appellee's testimony contains many inconsistencies, contradictions, variations, and some improbabilities. In view of the character of the case and the amount of the verdict returned by the jury, and in the light of the record, we are persuaded that the verdict is the result of passion and prejudice on the part of the jury and that the trial court erred in not awarding the appellant a new trial. The motion for a new trial, in the interest of substantial justice, should have been sustained. See, Brooks v. Brotherhood of American Yeomen, 115 Iowa 588; Graham v. C. & N. W. Ry. Co., 143 Iowa 604; Madison v. Hood, 207 Iowa 495.

■ The trial court denied one of the appellant's requested instructions, to wit, No. 4, which read:

"You are instructed that before you can find that the plaintiff was falsely imprisoned, you must find that she was detained in the home of Ross Gardner or kept under his control against her will."

The requested instruction should have been given.

Other propositions are presented relative to the affidavits of jurors as to misconduct in the jury room, rulings on the admission of evidence, and newly discovered evidence. These do not require a determination on this appeal as they probably will not find recurrence on a new trial.

The judgment entered is reversed.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.