Lewis E. Christensen, Guardian, Appellee, Cross-appellant, v. Farmers Savings Bank of Fertile, Appellant, Cross-appellee.

No. 42304.

June 23, 1934.

Opinion Modified and Rehearing Denied October 25, 1934.

W. A. Westfall and R. F. Clough, for appellant and cross-appellee.

L. R. Boomhower and N. Levinson, for appellee and cross-appellant.

Albert, J.—The following is the statement of facts made by the cross-appellant guardian:

"Nickolai Christensen, of Danish nationality, was seventy-seven years of age at the time of the trial. He had been incompetent to transact business for a number of years prior to November 7, 1930, on which date his son, Lewis E. Christensen, who lived in Mason City, Iowa, was appointed guardian of the property of his father, pursuant to section 12617 of the Code of Iowa.

"Immediately thereafter, Lewis E. Christensen attempted to take an inventory of the property of his father, with the assistance of C. H. Thompson, cashier of the Farmers Savings Bank of Hanlontown, Iowa, the papers of Nickolai Christensen having been kept in a safety deposit box in this bank, the key remaining in the bank, and the officials of the bank having access to the bank box.

"The certificate of deposit in question was turned over by the cashier, C. H. Thompson, to the guardian, in connection with the other papers.

"The certificate had its origin in the purchase of Liberty bonds, in the sum of $2,000.00 by Nickolai Christensen, which bonds were left with the bank for safe keeping. At the solicitation of Thompson, Nickolai Christensen authorized the sale of the bonds, pro-

vided he could get full value for them, and this Thompson said he could get. C. H. Thompson, acting as cashier of the defendant bank, sold the bonds in February, 1921, through Merchants Loan & Trust Company of Chicago, Illinois, and the proceeds from the sale of the bonds were credited by the Merchants Loan & Trust Company to the account of the Farmers Savings Bank of Hanlontown, Iowa.

"According to Thompson's testimony he never told Mr. Christensen that the bonds were sold for less than the $2,000.00. The certificate of deposit, Exhibit 'B', was issued on the first day of November, 1929, and was for the amount of the proceeds of the sale of the bonds, with accrued interest to date, the bank never having paid Nickolai Christensen any part of the proceeds from the sale of the bonds, from the date of the sale to the date of the issuance of this certificate. Nickolai Christensen testified that during all this time he thought the money from the sale of the bonds was in the Farmers Savings Bank at Hanlontown. When plaintiff presented the certificate of deposit, Exhibit 'B', duly endorsed, to the bank for payment on October 12, 1931, the payment thereof was refused.

"On or about December 10, 1929, C. H. Thompson, while acting as cashier of the Farmers Savings Bank of Hanlontown, Iowa, went to the farm of Nickolai Christensen and in some manner induced Mr. Christensen to sign the note Exhibit '12'. By Thompson's own admission he was the person to whom Nickolai Christensen ordinarily went, and in whom he imposed his trust and confidence in business matters, Mr. Christensen being an old and infirm man on December 10, 1929, and for some time prior thereto. Mr. Christensen testified that he got nothing from the bank at any time for signing the 'paper'; that nothing was said by Thompson that he wanted Christensen to sign up a promissory note at that time; and that he never knew this note was in the bank. Mr. Thompson testified that Christensen did not get the $2,500.00 on the note Exhibit '12'; that it was put in the bank as an asset of the bank. Mr. Christensen was not indebted to the bank at any time, and was not in the bank at all on December 10, 1929. Hall, assistant cashier, testified that when Thompson came in with the note Exhibit '12', he showed it to him and said 'There is a good scout'. The bank records show no deposit or credit given to Nickolai Christensen for the $2,500.00 note on December 10, 1929, or at any other time.

"The bank records show that on November 14, 1927, one A. A. Roberstad had given a note to the defendant bank in the sum of $2,000.00 due March 1, 1928. This note was taken out of the bank's assets and marked paid, on December 17, 1929. Roberstad died in the spring of 1929 and was not a party to this transaction. The Roberstad note had not been endorsed or signed by Christensen, was an obligation of Roberstad to the bank only, and while it was in the bank, no part of the principal or interest was paid on same. M. O. Hall, assistant cashier of the defendant bank on December 17, 1929, testified with reference to the payment of the Roberstad note:

" 'I know a man by the name of A. A. Roberstad. Exhibit No. "17" shows that on November 14, 1927, Note No. 10627 was given to the Farmers Savings Bank by A. A. Roberstad in the sum of $2,000.00 due March 1, 1928, with 8% interest. This record is in my own handwriting. The note was paid on December 17, 1929. I was there at the bank on that date. Mr. Roberstad was not in the bank that day and did not pay the note that day. The note was paid on that date by C. H. Thompson, the cashier of the bank. It was an asset of the bank past due since March 1, 1928, and was taken out of the assets of the bank by C. H. Thompson on December 17, 1929.'

"Thompson testified:

" 'I was cashier of the bank at the time the Roberstad note was taken out of the case as a liability of Mr. Roberstad and an asset of the bank. I took it out. Mr. Roberstad did not pay it at that time.

" 'Mr. Christensen did not get the $2,500.00 on the note Exhibit "12". It was put in the bank as an asset of the bank. The Roberstad note was carried as past due paper in the bank from the maturity date, 1928, to December 10, 1929, the date it was taken out by me. The writing on the back of the Christensen note, Exhibit "12", "Pay to the order Farmers Savings Bank, Hanlontown, Iowa, by C. H. Thompson, Cashier" is the stamp of the Hanlontown bank, with my name in there as cashier, and the $2,500.00 evidenced by the note Exhibit "12" was placed to my credit on December 10, 1929. My account was debited on the same date for $2,287.11 representing the $2,000.00 principal and $287.11 interest on the Roberstad note. I had not personally signed the Roberstad note, and up to the time it was taken out of the bank, it was an obliga-

tion of Roberstad to the bank only. While the note was in the bank, Roberstad paid no part of the principal or interest. The Roberstad note was paid, with interest by charge against my personal account.'"

The cross-appellee does not deny the accuracy of the above statement of facts, but adds to this statement of facts as follows:

"The note, Exhibit '12', was made payable to the bank.

"At the time Nickolai Christensen gave this note, Exhibit '12', I did not leave my note with him. I took it to the bank and put it in his safety deposit box, but I have never seen it since. He (Nickolai Christensen) said that Thompson came down there one day and wanted $2,500.00, and Mr. Christensen said he did not have the money, so Mr. Thompson said he could give his note to the bank and the bank would in turn pay Mr. Thompson $2,500.00 and Mr. Christensen consented to do this."

We take it, therefore, that the statement of facts made by the cross-appellant and that made by the cross-appellee give a correct statement of the record in this case. All errors assigned by the appellant have to do with the ruling on the motion for a new trial, and the first twelve grounds thereof are based on exceptions to instructions. The court ordered judgment entered in favor of the plaintiff on the verdict of the jury, and overruled the motion for a new trial in so far as the claim of the plaintiff on the certificate of deposit was concerned, and sustained it and granted a new trial to the defendant on the counterclaim. In its ruling it did not state which of the various grounds of the motion for a new trial was the basis of its ruling, and if the ruling on any one or more of the grounds of the motion for a new trial was right, then the case must be affirmed.

It is to be remembered, however, that this court overrules the action of a district court in granting a new trial with a very hesitant hand. That court has heard the evidence and seen the demeanor of the witnesses on the stand and their methods of giving their testimony, and by reason of that court's position in relation to these matters, and to the end that the district court may exercise the utmost freedom in relation thereto, this court rarely interferes with the discretion of the lower court unless the record shows a clear abuse of such legal discretion. Dewey v. Railroad Co., 31 Iowa 373;

Chicago Cottage Organ Co. v. Caldwell, 94 Iowa 584, 63 N. W. 336; Kern v. May, 92 Iowa 674, 61 N. W. 390; Arctic King Refrigerator Co. v. Kelly, 95 Iowa 189, 63 N. W. 676; Brooks v. Brotherhood of American Yeomen, 115 Iowa 588, 88 N. W. 1089.

The court, in the progress of the trial, withdrew from the consideration of the jury the defenses made to this promissory note, to wit, fraud as pleaded in one count, and mental incapacity in another count; but, unfortunately, in the instructions, made reference to these defenses at inopportune times. It also copied a part of the pleadings setting up one defense, and, while it is true that at the close of that instruction the court told the jury that it was withdrawn from its consideration, at the same time, we have repeatedly condemned the copying of pleadings into the instructions. See Veith v. Cassidy, 201 Iowa 376, 207 N. W. 328; Peterson v. McManus, 187 Iowa 522, 172 N. W. 460; Powers v. Iowa Glue Co., 183 Iowa 1082, 168 N. W. 326. It may be that the court, in the light of the situation as it existed, concluded that this was prejudicial error, and if that was its view, of course, we would not be disposed to overturn the ruling in relation thereto.

The court withdrew from the consideration of the jury the question of mental incompetency of Nickolai Christensen at the time of the execution of the notes sued on in the counterclaim. Of this action of the court the plaintiff complains. We have read the evidence introduced on this question of mental incompetency and are constrained to believe that there was evidence enough to make a jury question. On this angle of the case we think the court was justified in granting a new trial. We do not review the other grounds on which it is claimed the motion for a new trial was wrongfully sustained, because what we have said before on this proposition is sufficient to sustain the action of the district court in granting a new trial. As to the overruling of the motion in so far as the certificate of deposit on which the plaintiff sued was concerned, we have to say that we have reviewed the errors complained of in relation to the same, and find that no one of them has sufficient foundation on which to base a reversal. Further than this, appellant assigns twelve grounds in its errors relied on for reversal, and none of them has any reference whatever to the certificate of deposit. We find no reason for disturbing the ruling of the district court made on the motion for a new trial, and therefore its action is affirmed.

The motion to dismiss the appeal is overruled. The petition for

rehearing of the cross-appellant is also overruled, but in doing so, we express no opinion on the question of whether or not the note in controversy was an accommodation note.—Affirmed.

CLAUSSEN, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.