Dewey v. The Chicago & N. W. R. R. Co.

| 31 | 373 |
| 92 | 676 |
| 31 | 373 |
| 98 | 551 |
| 31 | 373 |
| 115 | 588 |

## Dewey v. The Chicago & N. W. R. R. Co.

1. Railroad: REPAIR OF FENCES: NEGLIGENCE. That bars were down or boards were off a fence along a railroad, through which horses probably came upon the track, where they were run into by the cars throwing the train off and killing the plaintiff's decedent, would not of itself constitute any ground for the plaintiff's recovery against the company.

2. —— NEGLIGENCE OF EMPLOYEES. That the deceased was the conductor and superior officer of the train, and directed the line of conduct which resulted in his death, would estop his administrator from recovering against the company on the ground of negligence on the part of its employees.

3. New trial: RULE APPLICABLE TO TRIAL COURTS. The rule acted upon by the supreme court, that it will not interfere where the trial court has overruled a motion for a new trial, grounded upon the insufficiency of conflicting testimony, does not apply to the district or circuit courts. These courts should independently exercise their power in this respect, without restraint from the rule which governs appellate tribunals, and, taking care not to invade the legitimate province of the jury, grant new trials whenever they believe that substantial justice has not been done between the parties.

*Appeal from Iowa Circuit Court.*

MONDAY, APRIL 24.

ACTION to recover damages for the death of Edwin S. Dewey, caused, as plaintiffs allege, by the carelessness and negligence of defendants' employees. There was a trial to a jury, resulting in a verdict for plaintiffs for $5,000. The defendants appeal.

*Henderson & Merriman* for the appellants.

*Strubble & Bradshaw* for the appellees.

COLE, J. — No complaint is made as to the correctness of the instructions given by the circuit judge to the jury who tried this cause. The only question made by the appellants' counsel, which it is necessary for us to pass upon, is as to the sufficiency of the evidence to sustain the verdict. There is no conflict in the testimony upon any material fact. The substance of the evidence is as follows: The deceased, Edwin S. Dewey, was killed by an accident occurring on the defendant's railroad, at about eight and a quarter o'clock in the evening of the 16th day of May, 1868, about two and a half miles east of State Center in Marshall county. He was about twenty-two years old at the time of his death, and was the conductor of the train on which he was killed. The train was composed of an engine, nineteen freight cars and one way car; the deceased was conductor and superior officer of the train, and was at the time of the accident riding on the engine with the engineer, where he might, according to the rules of the company, properly ride, and the two brakemen were at their proper positions on the train. The right of way was

*1. RAILROADS: repair of fences: negligence.*

fenced, but several horses which had been accustomed to run at large on the north side of the railroad had been turned, on the day previous to the accident, out on the south side; and these horses had in some manner gotten on the right of way, and were standing near the north fence, about fifty rods east of a trestle, about six feet high, where the accident happened; the place where the horses were standing was on a curve of the road, and could be seen at full daylight from the engine at a point about forty-five rods east; three of the bars in the south fence, nearly opposite where the horses were standing, were down, and some of the top boards of the fence between these and the trestle were off, and three-quarters of a mile west of the trestle, several panels were down; where the horses entered the right of way is not shown, nor does it appear that the defendant had any knowledge that the bars or fence boards were down. As the train with ordinary speed approached the horses, they started west and soon crossed the track; the deceased saw the horses before and after they crossed the track; when the engineer first saw them, he sounded the alarm and said to the deceased, "there are some horses," and the deceased said to the engineer, "pass them." The engineer testifies that when deceased said this, he did his best to pass them, and had already put on steam and was getting up as much speed as possible; that the train could not have been stopped before the trestle was reached, and their object was to catch the horses before they reached the trestle and throw them from the track; that, if a train has to strike an animal, it is best to do so with as much force or momentum as possible, as then the engine will generally throw the animal off, but when slow it will pile under the engine and throw it off. One witness says the grade, going west from the bars to the trestle, is descending, and another that it is ascending; all agree that the train could not have been stopped before it reached the trestle. The engine struck the horses

just at the east end of the trestle, and was, with several cars, thrown from the track, and the conductor, Edwin S. Dewey, was killed.

This is, substantially, all the evidence, and in our opinion it is not sufficient to justify a verdict for the plaintiff. The fact that the bars were down or the boards off the fence would not, under our statute, constitute any ground for the plaintiff's recovery in this action; and under the rule recognized and applied in *Aylesworth* v. *The C. R. I. and P. R. R. Co.*, 30 Iowa, 459, would not, without proof of knowledge, or means of it, that the fence was out of repair, constitute a ground for the recovery of the value of the horses killed by the same accident.

The only ground for plaintiff's recovery must be that of negligence on the part of defendant's employees; and here the insuperable difficulty is, that the deceased himself was the superior officer of the train, and directed the very line of conduct which resulted in his death. If this was negligence, it must, of necessity, have been his negligence.

2.——negligence of employees.

It is argued by appellee's counsel, that the engineer was already making efforts to pass the horses at the time the conductor directed him to do so; admit this and still it does not help the plaintiff's case, since it was within the power and duty of the deceased to have given his direction in the time and manner to avoid the accident if it were possible. But suppose the accident had resulted differently, so that the engineer had been killed and the conductor survived. In such case, if the line of conduct pursued was negligent or careless, the administrator of the engineer would have had a clear cause of action, since the engineer was acting under the express direction of his superior officer; and this being so, it must follow that this action cannot be maintained.

Mr. Justice MILLER, now of this bench, and who tried the cause below, unites with the other members of the

Dewey v. The Chicago & N. W. R. R. Co.

**3. NEW TRIAL: rule applicable to trial courts.** court in the foregoing opinion, which reverses the judgment of the circuit court. He overruled the appellant's motion there to set aside the verdict because it was not sustained by sufficient evidence, and his reason, as given at the time, was not that he thought the evidence sufficient, but that a new trial would be as unavailing to the defendant as the one just had; and as neither party would be content with less than the ultimate adjudication by the supreme court, it might as well be settled under the trial already had, as by its repetition.

We therefore avail ourselves of this occasion to correct what we understand to be a very general misapprehension on the part of district and circuit judges in respect to the rule as to new trials in the *nisi prius* courts. This court has repeatedly declared the rule for itself (and such is the rule in most appellate tribunals), that where the evidence is conflicting and the *nisi prius* court has overruled a motion for a new trial, grounded upon the insufficiency of the evidence, that we will not interfere. And this because, first, the jury have found the verdict and given credit to the witnesses on the one side of the conflict; second, the judge, who also heard the testimony from the mouths of the witnesses, and weighed the same in the balance of his more cultured and accurate legal judgment, has, by overruling the motion, given his approval and indorsement to the verdict; and third, this court can never have the benefit of observing the conduct and deportment of the witnesses while testifying, nor even the peculiarity of their expressions, but generally only the substance of their testimony and often in the language of the attorneys interested in the cause. A mention of these considerations upon which the rule for the appellate courts is (in part) founded, is sufficient to show that the rule ought not and does not have any application whatever to the *nisi prius* courts. Those courts ought to independently exercise their power to grant new trials, and, with entire freedom from the rule

which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case. Whenever it appears that the jury have, from any cause, failed to respond truly to the real merits of the controversy, they have failed to do their duty, and the verdict ought to be set aside and a new trial granted. But while the greatest freedom on the part of *nisi prius* judges should be exercised in setting aside verdicts, in order to secure and effectuate justice, yet judges ought to use caution in the exercise of the power so as not to invade the legitimate province of the jury when they have manifested a fair and intelligent consideration of the evidence submitted to them, nor to injuriously protract litigation in pursuit of invariable and absolute justice in every case, for this cannot be attained.

We have been led to these suggestions by reason of intimations from some of the district and circuit judges that they applied the rule of the supreme court in deciding motions for new trials before them; and also from a conviction we have that those judges often manifest an undue delicacy and restraint in the exercise of their power to grant new trials.

The judgment of the circuit court in this case is

Reversed.