## MERSEVE v. SHINE.

1. **Jury and verdict.** Nothing short of a free and deliberate finding made upon the conscientious conviction of the judgments of all the jurors will satisfy the law.

2. —— RULE APPLIED. It is accordingly *held*, where jurors, on being un-able to agree, prepared twenty-four slips of paper on twelve of which were written "plaintiff," and on the other twelve "defendant," and put them in a hat, from which they were drawn by one of their number blind-folded, that a verdict thus obtained was invalid, the jurors having in advance agreed to be bound by the result.

*Appeal from Powesheik Circuit Court.*

FRIDAY, OCTOBER 10.

ACTION in replevin for a calf valued at $7, originally brought before a justice of the peace. The defendant de-

nied plaintiff's title, and averred ownership in himself. On the first trial before the justice the jury failed to agree; on the second the jury found for defendant. The plaintiff appealed to the circuit court, and on trial there the jury found that plaintiff was the owner of the calf, and that he had been damaged five cents by the wrongful detention. A motion was made by defendant to set aside the verdict because of misconduct by the jury. This was overruled and judgment rendered on the verdict. Defendant appeals.

*Clark Varnum*, and *Ballard & Hall* for the appellee.

*John T. Scott* for the appellant.

COLE, J. — It appears by the affidavits of the jurors that the jury stood eight for plaintiff and four for defendant, and being unable to otherwise agree, they prepared twenty-four slips of paper, and wrote 'plaintiff' on twelve of them, and 'defendant' on the other twelve, and put them all in a hat; one of their number was then blindfolded, and drew from the hat twelve of the papers, upon seven of which there was the word 'plaintiff,' and on five, was the word 'defendant.' Thereupon the jury wrote out and returned the verdict for plaintiff. It also appears that all the jurors, except two, agreed in advance to be bound by the result of such drawing, and that it was at once accepted by all. Whether the two who did not agree in advance to be bound by the drawing, were, before it, for plaintiff or defendant, does not appear. But, in any event, the effect of the drawing was to preclude discussion and further consideration by at least two of the four jurors, who were prior to it, for the defendant, and had agreed in advance to be bound by the drawing. This is sufficient to taint and vitiate the verdict. Nothing short of a free and deliberate finding, made upon a conscientious conviction of the judgments of all the jurors, will satisfy the law.

Reversed.