CHARLES M. ROYER, Plaintiff, v. KING's CROWN PLASTER
   Co., Appellant, and the TRAVELERS' INSURANCE Co.,
   Defendants.

**New trial:** DISCRETION: REVIEW. The appellate court is slow to interfere with an order granting a new trial, in view of the trial court's discretion in that regard; and the mere fact that a party was not entitled to a new trial because there was no prejudicial error, and because on the whole record the other party was entitled to a directed verdict, will not necessarily require a reversal of the order.

**New trial:** INCONSISTENT INSTRUCTION. An instruction which is inconsistent with itself is presumptively prejudicial and is sufficient to justify the court in granting a new trial.

**New Trial:** REVIEW. The appellate court will not set aside an order for a new trial made after a verdict for defendant, because of instructions prejudicial to plaintiff, on the ground that the court also erred in not directing a verdict for defendant; as both errors taken together would not render each nonprejudicial.

*Appeal from Cedar Rapids Superior Court.*—HON. JAMES
H. ROTHROCK, Judge.

TUESDAY, MAY 3, 1910.

THIS is an action for damages for personal injuries.

There was a verdict for the defendants. Upon motion of the plaintiff, the trial court awarded a new trial. Defendants appeal.—*Affirmed.*

*Dawley & Wheeler,* for appellants.

*Barnes & Chamberlain,* for appellee.

Evans, J.—The defendant is a corporation and the plaintiff was one of its employees. On March 18, 1907, the plaintiff was injured to some extent by the fall of a low scaffold. The jury rendered a verdict for the defendant. Upon motion of the plaintiff, the trial court awarded him a new trial. From such order awarding a new trial the defendant has appealed. The contention of the defendant in argument is that there was no error in the record prejudicial to the plaintiff, and therefore he was not entitled to a new trial. Defendant further contends that upon the whole record the defendant was entitled to a directed verdict. If both of these contentions of the defendant were conceded, it would not necessarily entitle it to a reversal of the order of the trial court. If the trial court had refused a new trial and the plaintiff were here as appellant, then the contention of the defendant would be quite conclusive if supported by the record.

I.   But some latitude of discretion is conferred upon the trial court in the matter of granting a new trial, and we can not interfere with it unless an abuse of discretion

1. New trial: discretion: review.

be shown. This court has often admonished the trial court of its duty to exercise such discretion candidly and fearlessly, and it has always been reluctant to interfere with an order granting a new trial. *Kern v. May,* 92 Iowa, 674; *Dewey v. Railroad Co.,* 31 Iowa, 373.

II.   Plaintiff's motion for new trial contained thirty-seven grounds. The trial court sustained it without in-

dicating the ground or grounds of such sustaining order further than to find that the verdict was not contrary to the evidence. It is contended for the defendant that there was no error in any ruling on the admission of testimony, and that there was no error in any instruction. It is sufficient answer to this to call attention to instructions Nos. 4 and 5, which are as follows:

2. NEW TRIAL: inconsistent instructions.

If you find from the evidence that defendant did not exercise ordinary care to cause the scaffold to be supported, so that it would be reasonably safe for the purposes for which it was intended, then you are to determine from the evidence whether or not the defendant was negligent in failing so to do. And, in determining this question, you should take into account the character of the work to be done, and, if from that and all the circumstances shown in the evidence you believe that the defendant exercised such care as a person of ordinary care and prudence would have exercised under like or similar circumstances, then upon this charge of negligence your finding should be for the defendant.

Instruction No. 5. The next charge of negligence as made by the plaintiff is that the defendant was negligent in failing to employ skilled workmen in the building of the scaffold. If you believe from the evidence that the defendant did not fail to employ skilled workmen in the building of the scaffold, then you will pursue this inquiry no further, but will find for the defendant upon this charge of negligence. If, on the other hand, you find from the evidence that such charge of negligence is sustained by the greater weight or value of the evidence, then you are to determine whether or not this was negligence upon the part of the defendant. And in so determining you should consider the character of the work to be done, the kind of men employed, and, if in employing workmen for the construction of the scaffold you believe that the defendant did that which a person of ordinary care and prudence would have done under like or similar circumstances, then your finding upon this charge of negligence should be for the defendant.

Each of these instructions was manifestly erroneous, in that each was inconsistent with itself. In the fourth instruction the jury was told: "If you find from the evidence that the defendant did not exercise ordinary care, . . . . then you are to determine from the evidence whether or not the defendant was negligent in failing so to do. . . . And, if you believe that the defendant exercised such care as a person of ordinary care and prudence would have exercised, . . . then upon this charge of negligence your finding ought to be for defendant." To put it briefly, the jury was charged that, if it found that the defendant did not exercise ordinary care, it should then determine whether it did exercise ordinary care, and, if "yea," then the finding should be for the defendant. It is manifest that through some oversight or possibly clerical error the trial court did not express what was in his mind. Instruction 5 is subject to a similar criticism. The jury was therein told that, if it finds that "such charge of negligence is sustained," "then you are to determine whether or not this was negligence." These instructions were presumptively prejudicial, and on their face furnished a sufficient ground to justify the trial court in awarding a new trial.

III. It is urged by defendant that it was entitled to a directed verdict at the close of the evidence, and that the plaintiff could not therefore be prejudiced by any error in the instructions. We are quite

3. NEW TRIAL: harmless error.

clear that this question can not be considered upon this record. Inasmuch as a new trial must be had, we will intimate no opinion as to the sufficiency of the evidence appearing in the present record to sustain a finding for the plaintiff. The jury found for the defendant. The plaintiff filed a motion for new trial. He pointed out many alleged errors as grounds for such trial. As already indicated in the preceding paragraph, some of these grounds were clearly

valid. On its face, therefore, the plaintiff's motion for a new trial presented proper grounds for such relief. The trial court sustained such motion. The contention urged by the defendant at this point is that the court should have overruled such motion notwithstanding that valid grounds for a new trial appeared therein, because the court had previously erred in the course of the trial in overruling the defendant's motion for a directed verdict. This is a plea of offset of one error against another, on the theory that both errors taken together rendered each error nonprejudicial. Assuming that such a course would be proper in some cases, we would adopt it more readily for the purpose of saving the action of the trial court than for the purpose of reversing it. *Vorhees v. Arnold,* 108 Iowa, 85-86; *Wallace v. Wallace,* 137 Iowa, 37. We are clearly of the opinion that such a course is not available to the appellant on the record in this case for the purpose of reversal of the order granting a new trial.

The order of the trial court is therefore *affirmed.*