J. W. HOLLAND, as Administrator of the Estate of MICHAEL KELLY, Deceased, Appellant, v. CATHERINE KELLY, Appellee.

New trial: REVIEW ON APPEAL. The court's order in granting a new trial after verdict will not be reversed on appeal unless it affirmatively appears that in granting the order the trial court abused its discretion. And this is especially true where the motion is sustained generally upon numerous grounds, the merits of which the trial court is in better position to pass upon than the appellate court. It may also be that no one ruling of the court involves such error as to justify setting the verdict aside, yet, when all of the exceptions are taken together and considered in connection

with the trial, the court may find that the moving party has not had a fair trial and is entitled to another hearing.

*Appeal from Johnson District Court.*—Hon. R. P. Howell, Judge.

Monday, November 21, 1910.

Action at law to recover possession of certain certificates of deposit alleged to be a part of the estate of Michael Kelly, deceased, and to be wrongfully detained by the defendant. The plaintiff appeals from the ruling of the trial court setting aside a verdict in his favor and granting a new trial on the defendant's motion.—*Affirmed.*

*Wade, Dutcher & Davis* and *O. A. Byington,* for appellant.

*Ranck & Bradley* and *J. J. Ney,* for appellee.

Per Curiam.—That the defendant, Catherine Kelly, has possession of certain certificates of deposit formerly owned and held by Michael Kelly in his lifetime, is conceded, but she claims to have become, and to be now, the rightful owner and holder of said instruments by virtue of a gift made to her by the said Michael before his death. This defense is denied by the plaintiff, who further alleges that at the time of the said gift Michael Kelly was of unsound mind. The cause was tried to a jury, which returned a verdict in favor of plaintiff for the possession of the papers in controversy. After the return of the verdict, defendant moved to set it aside and for a new trial. The motion contested the sufficiency of the evidence to sustain the finding of the jury, and assigned some twenty other grounds for the order requested, including numerous alleged erroneous rulings by the court, and various acts of alleged misconduct by plaintiff's counsel, as well as the

alleged illness of defendant's counsel, whereby he was unable to properly conduct the defense and protect his client's interests. This motion was at first denied, but on subsequent application made at the same term for a reconsideration of the ruling it was sustained, and a new trial ordered. The plaintiff appeals.

We shall not undertake any review of the evidence, or of the several rulings and alleged errors assigned as grounds for defendant's motion for a new trial. The record presents no peculiar facts or circumstances to take the case from under the familiar rule applicable to appeals from orders for new trial after verdict. Such orders—as we have had very frequent occasion to say—will not be reversed on appeal, unless it affirmatively appears that in granting them the trial court has abused its discretion. This is especially true where the motion is sustained generally upon numerous grounds, on the merits of some or all of which the trial court is in better position to pass than is this court upon appeal. It may well be that, while no one ruling in itself involves an error to justify the setting aside of a verdict, yet when taking all of the exceptions together and considering them in connection with the trial court's knowledge and observation of the course and conduct of the trial it may properly conclude that the moving party has not had a fair trial and is entitled to another hearing. *Royer v. Plaster Co.,* 147 Iowa, 277; *Dewey v. Railroad Co.,* 31 Iowa, 373; *Sprayer v. Coal Co.,* (Iowa) 125 N. W. 185.

In view of the fact that another trial is to be had, we do not go into the record to recite or discuss the testimony relied upon by the respective parties. It is enough to say that upon a full examination of the record we find no sufficient ground to justify us in saying that the trial court erred in the ruling complained of by the appellant, and it is therefore *affirmed.*