THE WOODBURY COMPANY, Appellee, v. DOUGHERTY & BRYANT COMPANY, Appellant.

**New trial.** Where an order granting a new trial has been entered by sustaining generally the grounds of the motion, it will not be disturbed on appeal if any of the grounds are tenable.

**Same: DISCRETION.** The trial court has a large discretion in the determination of a motion for a new trial; and unless an abuse of such discretion appears its order will not be disturbed on appeal, especially where a new trial has been granted.

**Same: GRANTING OF NEW TRIAL: INSUFFICIENCY OF EVIDENCE.** In granting a new trial because of insufficiency of the evidence the duty of the trial court is somewhat different from that of the appellate tribunal; as it is the duty of the trial court to set aside a verdict which does not effectuate justice, even though based upon conflicting testimony.

**Same: LANDLORD AND TENANT: INSTRUCTION.** In an action for rent upon a lease providing that in case the premises should be destroyed or damaged by unavoidable accident, a just proportion of the rent according to the injury sustained should be suspended until the premises were restored to a condition fit for occupancy, an instruction that the burden rested upon the lessee to show destruction or damage rendering the premises unfit for use, and that if this was shown the whole rent should be abated, and refusal to submit the plaintiffs right to recovery of any portion of the rent, was such error as authorized the granting of a new trial.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

THURSDAY, OCTOBER 23, 1913.

ACTION at law to recover the rent reserved in a lease for a certain building in Sioux City, Iowa. The lease was for five years from and after November 15, 1906, and at the

agreed rental of $2,100 for the first year, and $2,400 for each succeeding one, during the term of the lease. The premises were occupied by defendant under the lease, down until January 17, 1911, when a fire occurred in the building, which caused considerable damage, and the rent was, by the terms of the lease, suspended until the demised premises were put in proper condition for use and occupation. Plaintiff contends that they were so repaired and put in condition, and defendant notified thereof, on the 13th day of May, 1911, but that defendant failed to reoccupy the building, or to pay the rent, from May 13, 1911, to the end of the lease. The defendant pleaded the partial destruction of the building by fire, and denied that it was put in proper condition for use and occupancy at any time during the remainder of the term created by the lease. On these issues the case was tried to a jury, resulting in a verdict for the defendant. On plaintiff's motion, the verdict was set aside and a new trial granted; the trial court assigning no reason therefor. The appeal is from the order on the motion.—*Affirmed.*

*Sears & Snyder,* for appellant.

*Shull, Farnsworth, Sammis & Stilwill,* for appellee.

Deemer, J.—The issue was a narrow one, and the testimony was largely directed to this issue. The verdict was for defendant, and from an order sustaining a motion for a new trial, it appeals.

This motion was bottomed upon nine distinct grounds, among which were the stereotyped ones, regarding the sufficiency of the testimony, both at law and under the instructions, to justify the verdict, and also certain

1. New trial. alleged errors of the court in the giving and refusing to give certain instructions asked. The order sustained the motion generally, and if there be any tenable grounds upon which it might have been sustained, it will not be disturbed.

The trial court is vested with a large discretion in passing upon motions for a new trial, and this discretion will not be interfered with, especially when a new trial is granted,

2. SAME: discretion.

unless it appears that there has been an abuse of this discretion. The reasons for this rule have so many times been given, that it is needless to do more than cite some of the cases in support thereof: *Dowey v. Railroad Co.*, 31 Iowa, 373; *Royer v. Plaster Co.*, 147 Iowa, 277; *Holland v. Kelly*, 149 Iowa, 391.

Our reading of the record convinces us that the trial court did not abuse its discretion in setting this verdict aside, even if it were put upon the ground of the insufficiency of

3. SAME: granting of new trial: insufficiency of evidence.

the testimony. In this regard a trial court exercises a somewhat different function than an appellate tribunal. A trial court is justified, indeed, it is its duty, to set aside a verdict which does not effectuate justice, although there may be a conflict in the testimony; and when this is done, appellate tribunals should be slow to interfere.

Defendant's case was based largely upon engineers' estimates which were uncertain, and which did not, in all cases, take into account the condition and carrying power of the building before the fire; while the testimony for plaintiff was more direct and certain and, in the opinion of the trial court, so manifestly preponderated over that offered for defendant that he might well have granted the motion on this ground alone.

II. The provision in the lease upon which defendant relied is as follows:

Provided always, that in case the said premises or any part thereof, or the whole or any part of the building, of which they are a part, shall be taken for any street or other public

4. SAME: landlord and tenant: instruction.

use, or shall be destroyed or damaged by fire, or other unavoidable casualty, or by the action of the city or other authorities, after the execution hereof and before the expiration of the said

term, then this lease and the said term shall terminate at the election of the lessor, or its successors or assigns, and such election may be made in case of any such taking notwithstanding the entire interest of the lessor or its successors or assigns, may have been divested by such taking, and if they shall not so elect, then in case of any such taking or destruction of or damage to the demised premises, a just proportion of the rent therein before reserved, according to the nature and extent of the injuries sustained by the demised premises, shall be suspended or abated until the demised premises, or in case of such taking, what may remain thereof, shall have been put in proper condition for use and occupation.

The trial court, among other things, instructed as follows:

The lease provides, among other things, that in case the premises, or any part thereof, or the whole or any part of the building on said premises, shall be destroyed or damaged by fire, after the execution of said lease, and before the expiration of the term of the lease, then in case of any such destruction or damage to the premises, a just proportion of the rent reserved in said lease, according to the nature and extent of the injury sustained by the demised premises, shall be suspended or abated until the leased premises shall have been put in proper condition for use and occupation.   The burden, therefore, rests, in the first place, upon the defendant to show the destruction or damage to the leased premises by fire, and the nature and extent of the injury sustained to the demised premises, so caused by fire, and that by reason of the damage done by the fire the premises were rendered unfit for use and occupation; if the defendant has shown this by a preponderance of the evidence, then the whole rent provided for in said lease would be suspended and abated, and no recovery had therefor until the demised premises had been put in proper condition for use and occupation, by the plaintiff; if the defendant has so shown, and you find from the evidence that the fire destroyed the building to such an extent as to render it unfit for use and occupation, the plaintiff cannot recover, unless you find that after the fire the plaintiff has put the said premises into such a condition as to make the same fit for use and occupation again by the defendant, and if the plaintiff

has so shown by a preponderance of the evidence, then the plaintiff would be entitled to recover the rent provided in said lease from the time the same was so placed in proper condition for use and occupation up to and including the 15th day of this month.

This instruction was properly excepted to in the motion for a new trial, and we are disposed to think it was erroneous, or at least misleading, and that the motion might very well have been sustained on that ground.

It will be noticed that the lease does not provide for an entire abatement of the rent, but for a proportionate one, according to the nature and extent of the injuries sustained. The right of the plaintiff to recover a proportionate amount of the rent reserved, which, by the terms of its lease, plaintiff was entitled to was not presented to the jury, although such a request was made by the plaintiff in the instructions asked. True, the refusal to give these requests was not excepted to, but the matter was pointed out in the motion for a new trial, and we think the court might well have sustained the motion because of error in its instructions, or rather because of its failure to present the entire case in a proper manner.

Upon either of the grounds, suggested, plaintiff's motion might have been sustained by the trial court without abusing its discretion.

The order sustaining the motion is therefore sustained, and the decision is *Affirmed.*

WEAVER, C. J., and WITHROW and PRESTON, JJ., concurring. GAYNOR, J., taking no part.