BLOOMFIELD STATE BANK, Appellee, v. F. R. SEABURY, Appellant.

**PRINCIPAL AND AGENT:**  The Relation—Evidence.  Record held to 1  show that the cashier of a bank in purchasing promissory notes was not the agent of the payee of the notes.

**BILLS AND NOTES:**  Demand—Notice by Mail—Rebuttal Testimony. 2  It is suggested that testimony that the holder of a promissory note properly prepared and duly mailed to an indorser a notice of nonpayment may be met by testimony by the indorser *that he never received any such notice,* as bearing on the question whether the notice was ever mailed.

**NEW TRIAL:**  Discretion of Court.  If the trial court feels that the 3  finding of the jury on plain and simple testimony on a vital point is not fairly sustainable, even though a jury question is presented, he may grant a new trial in order to enable another jury to pass upon the same point.

Headnote 1:  7 C. J. p. 526.  Headnote 2:  8 C. J. pp. 1018, 1035; 22 C. J. p. 101.  Headnote 3:  29 Cyc. p. 832.

*Appeal from Davis District Court.*—FRANCIS M. HUNTER, Judge.

JUNE 25, 1925.

ACTION against the defendant as indorser of a promissory note.  A verdict returned in his favor was set aside by the court, and a new trial granted.  Defendant appeals.—*Affirmed.*

*T. A. Goodson* and *E. Rominger,* for appellant.

*Buell McCash* and *H. C. & H. C. Taylor,* for appellee.

Stevens, J.—I.　This is an action against appellant as indorser upon a negotiable promissory note for $249 executed to him February 15, 1921, by one Norton.　$198 of the considera-

1. Principal and Agent: the relation: evidence.

tion was the purchase by Norton at a public sale of some sheep belonging to appellee.　The remainder of the consideration, $51, was evidently included in the note by mistake, as it represented the purchase price of some oats sold at the sale, in which appellant had no interest.　The clerk of the sale was the cashier of appellee bank.　The total amount for which the property of appellant sold at the sale was $751.10.　A few days after the sale, appellant had a settlement at the bank, and received this sum in cash, the bank purchasing the note in controversy.　Appellant alleged, and sought to introduce testimony to show, that he was induced by the fraud of the cashier to indorse the note.　The fraud charged was that the cashier stated to him that the note had been taken in his name by mistake, and that it was necessary for him to indorse it, to pass title to the bank; that it was a mere formality.　The court excluded the testimony as to the alleged fraud, upon the theory that the cashier of the bank, who clerked the sale, in making settlement with appellant was his agent, and not the agent of the bank.　We express no opinion as to the sufficiency of the evidence, offer of which was made in the absence of the jury; but we are quite clear that, in negotiating the purchase of the note from appellant, the cashier was not his agent.

II.　Appellant denied that appellee notified him of the default of the principal, as required by Sections 89, 90, and 91 of the Negotiable Instruments Law.　The cashier of the bank,

2. Bills and Notes: demand: notice by mail: rebuttal testimony.

however, testified that he placed a notice in an envelope, properly sealed, stamped, and addressed to appellant at his last known place of residence, and deposited the same in the post office on the day the note fell due.　The jury found, in answer to a special interrogatory submitted to it by the court, on its

own motion, that the testimony of the cashier was not true.   No objection was made in the court below to the testimony of appellant that he did not receive such a notice, but it is urged upon this appeal that such testimony was not admissible.   The question will undoubtedly arise upon a retrial.   The efficiency of our postal system is recognized everywhere.   The probabilities that a letter properly stamped and addressed failed to reach its destination, are very slight.   While the precise question does not appear to have been previously presented to this court, the admissibility of the testimony complained of has been upheld in other jurisdictions.   *Central Nat. Bank v. Stoddard,* 83 Conn. 332 (76 Atl. 472) ; *First Nat. Bank v. Star Watch Case Co.,* 187 Mich. 224 (153 N. W. 722).   .

III.   The only serious question in the case is whether the court, in granting a new trial, abused its discretion.   The only issue submitted to the jury was whether or not notice of dishonor was posted, as required by the statute.

3. NEW TRIAL: discretion of court.

The court, in passing upon the motion for a new trial, stated that, notwithstanding the fact that the evidence was sufficient to carry this issue to the jury, he felt that the verdict was not fairly sustained thereby, and that a new trial, which would give another jury an opportunity to pass upon the facts, should be granted.   We have too often stated and elaborated the rule which must govern trial courts in passing upon motions for a new trial to discuss it further in this opinion.   It cannot be assumed that the court desired to substitute his judgment for that of the jury.   The issue was a narrow one, and the testimony was not voluminous.   The court was in a position of advantage in determining the merits of the motion.   We are not persuaded by the record that its discretion in sustaining the motion for a new trial was abused.—*Affirmed.* ·

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.