CITY TRUST & SAVINGS BANK, Appellee, v. C. L. EDSON, Appellant.

**BILLS AND NOTES:** Dishonor—Notice by Mail—Jury Question. Mere *delay* in the delivery to an indorser of a notice of dishonor of a negotiable instrument is not sufficient to make a jury question on the issue whether such notice, properly addressed, was mailed within the statutory time, *when the record reveals positive testimony of such mailing.*

Headnote 1:  8 C. J. p. 1068.

Headnote 1:  4 L. R. A. (N. S.) 132; 3 R. C. L. Supp. 1249.

*Appeal from Boone District Court.*—H. E. FRY, Judge.

NOVEMBER 23, 1926.

Action upon the indorsement on two certificates of deposit. Verdict and judgment for the plaintiff by direction of the court, and defendant appeals.—*Affirmed.*

*T. J. Mahoney* and *F. L. Mackey,* for appellant.

*Dyer, Jordan & Dyer,* for appellee.

STEVENS, J.—This action is against appellant, as indorser of two negotiable certificates of deposit for $1,000 each, issued to him on March 1, 1921, by the First Trust & Savings Bank of Sibley. The certificates were indorsed by appellant to one Charles Olson, and by the latter transferred to appellee, as col-

lateral security for a note of $2,000. The drawer became in- solvent, and its affairs were placed in the hands of a receiver, prior to March 1, 1924, when the certificates matured. The certificates were presented by appellee for payment, payment was refused, and notice of dishonor was mailed to the indorsers. At the close of the evidence, the motion of appellee for a directed verdict was sustained.

The only issue of fact upon which appellant claims he was entitled to go to the jury is as to whether the notice of dishonor was deposited in the post office at Sibley within the time re quired by Section 9565 of the Code of 1924. The notary who made presentment of the certificates and demand for payment testified positively that he placed a notice in an envelope ad dressed to appellant at Boone, Iowa, in care of appellee, and deposited the same in the post office at Sibley on the first day of March. Appellant admits its receipt on the 8th. The president of the City Trust & Savings Bank, appellee, testified that, imme diately upon receipt of the envelope containing the notice, he placed the same in another envelope, and mailed it to appellant, who is a mail carrier at Boone, Iowa. The envelope in which the notice was mailed at Sibley was not preserved and offered in evidence. The time of the departure of trains from Sibley carry ing mail is not shown, but appellant testified that a letter should arrive at Boone within 24 hours after having been mailed at that place.

Section 9565 requires that notice of dishonor, where the person to whom such notice is directed resides in a different place from the person giving the notice, if sent by mail, must be deposited in the post office in time to go by mail the day after the day of dishonor. When notice of dishonor, duly addressed, has been deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails. Section 9566. It is possible that, if the notice had been deposited in the post office at Sibley late on the afternoon of March 1st, it would, in due course, have arrived at the post office in Boone sometime on the 3d. Appellant should, therefore, in due course, have received the notice, if promptly remailed by appellee, on the 4th or 5th of March. The receipt of the notice on March 8th is, of course, conclusive proof that it was mailed by the notary and remailed by appellee. The delay in delivery is the only

circumstance in any way tending to discredit the positive testimony of the notary that the envelope containing the notice was deposited in the post office at Sibley on March 1st. Was the evidence sufficient to justify the court in submitting to the jury the issue as to whether the notice was mailed at Sibley on March 1st, properly addressed to appellant? The mere delay, which is explained in part by the receipt and remailing of it by the president of the appellee bank, is hardly sufficient to present an issue for the jury. Had appellant preserved the envelope showing the postmark at Sibley, all uncertainty would probably have been removed. The jury could not properly have returned a verdict in appellant's favor upon this issue. The evidence would not have justified it.

We held, in *Bloomfield St. Bank v. Seabury,* 200 Iowa 37, that evidence of non-receipt of an alleged notice was admissible, as bearing upon the issue as to whether notice of dishonor was in fact mailed. The question in that case was as to the admissibility, and not the sufficiency, of the evidence. The jury found, in answer to a special interrogatory, that no notice was mailed. The court set the verdict aside, and granted a new trial. We held that in doing so it did not abuse its proper discretion. The positive evidence of the notary, a wholly disinterested party in the case before us, together with the other facts and circumstances disclosed by the record, left nothing upon which a jury could have based a finding that the notice was not mailed on the date of dishonor. This is the only question argued by counsel.— *Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.