Donald Rupp, Appellee, v. B. J. Kohn, Appellant.

No. 40310.

September 22, 1930.

*Herrick & Ary* and *Jepson, Struble & Sifford,* for appellant.

*Molyneux, Maher & Meloy,* for appellee.

Grimm, J.—Sometime about 9 o'clock in the morning of May 13, 1928, Fred N. Rupp, the father of Donald Rupp, left his home in a closed car, with his family, to attend church. Donald was then about 26 months old. In the front seat with Fred Rupp, the father, there were three children,—Donald, sitting next to the driver, and a nephew, Walter, who was holding a child named Richard on his (Walter's) lap. Mrs. Rupp was in the back seat, and with her were five children, two of whom belonged to her sister. After driving west for some distance, they turned south. The road on which the plaintiff was driving south was a 26-foot grade, not paved. It appears that the road was practically level from the corner, south, for a distance of about 20 rods. There is then a gradual rise for about 40 rods, and then the road is downhill for some distance. The collision

which resulted in the injury of which complaint is made, occurred about 45 feet north of the crest of the hill. The entire 26-foot grade was fit for travel, but there was a portion approximately in the center which had been made smooth from travel. On either side of the roadway was a ditch, approximately 1½ to 2 feet in depth. West of the west ditch there was an embankment. East of the east ditch was comparatively level.

As the plaintiff drove south toward the crest of the hill, he was traveling approximately 2½ feet from the west side of the highway. It appears that the defendant's car was discovered by the plaintiff when it was approximately 300 feet away. The plaintiff was driving 30 or 35 miles an hour, and he continued at that rate until within about 40 feet from where the collision occurred. It is conceded that the defendant gave no signals of any kind as he came over the crest of the hill, and until the collision occurred. It appears without dispute that, when the plaintiff first saw the defendant's car, plaintiff turned to the west, and he continued traveling close to the ditch on the west side of the roadway until just a moment before the collision.

The plaintiff testifies in reference to what occurred just before the collision as follows:

"Just the moment before the impact of the collision, I swung to the left-hand side. I saw that it was impossible to avoid the accident, and I figured that, if I would turn to the right, I would go into the ditch, and he would hit me and turn me over; and I figured that the best chance was to turn to the left. He was coming straight at me. A 20 to 30-inch ditch was right on the west side of the highway. I probably swung two feet out of the track just before we hit."

The defendant, as a witness, testified, among other things, as follows:

"As I drove along, I watched the road, but I probably looked over in the field once in a while. I saw the car coming toward me, driven by Mr. Rupp. When I saw him, I turned to the right, to the east. The car driven by Rupp turned to the east at the same time. * * * After my car stopped, it was about eight feet from the west edge of the road. The front end was not over eight feet from the east side of the road. I turned to the right as soon as I saw him. * * * Just before the accident

happened, we both swung east. Just at the time of the accident, Mr. Rupp was east of the center of the road, or it might have been right in the center of the road."

It was a clear day, there were no obstructions to the vision, except the crest of the hill, and there were no diverting circumstances.

I. The jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial, and exceptions to the instructions. The motion for a new trial was a multipointed one, consisting of several grounds. The court ruled generally, without in any wise specifying. upon which ground or grounds of the motion a new trial was granted.

This court said, in *Woodbury Co. v. Dougherty & Bryant Co.*, 161 Iowa 571, that:

"The trial court is vested with a large discretion in passing upon motions for a new. trial, and this discretion will not be interfered with, especially when a new trial is granted, unless it appears that there has been an abuse of this discretion. The reasons for this rule have so many times been given that it is needless to do more than cite some of the cases in support thereof: *Dowey v. Railroad Co.*, 31 Iowa 373; *Royer v. Plaster Co.*, 147 Iowa 277; *Holland v. Kelly*, 149 Iowa 391."

Again, in *Sheridan Bros. v. Dealy*, 198 Iowa 877, we said:

"The granting of a new trial is a matter resting largely in the sound discretion of the trial court, and the exercise of this discretion will not be interfered with, where a new trial has been granted, unless it appears to have been abused. *Post v. City of Dubuque*, 158 Iowa 224; *Woodbury Co. v. Dougherty & Bryant Co.*, 161 Iowa 571; *Rosche v. Bettendorf Axle Co.*, 168 Iowa 461; *Benefiel v. Semper*, 185 Iowa 410; *Perry Nat. Bank v. Engnell*, 198 Iowa 26." And further, the court said: "There can be no reversal of an order sustaining a motion for a new trial if any of the grounds of the motion are good."

See, also, *Herrman v. O'Connor*, 209 Iowa 1277; *Utseth v. Pratt-Mallory Co.*, 208 Iowa 1324; *Christensen v. Howson* (Iowa), 226 N. W. 34 (not officially reported).

II. One of the grounds of the motion for a new trial is that the verdict is not sustained by sufficient evidence. Upon

the record made in this case, it appears that the plaintiff was driving south, on the proper side of the roadway, at a reasonable rate of speed, and when he first saw the defendant's car, as it appeared over the crest of the hill, the plaintiff turned farther to his right side,—that is to say, to the west side of the highway. He turned to his right as far as it was possible. The defendant was driving on the west side of the highway, and continued to do so, apparently without looking where he was driving until just the instant before the collision, when it appears both cars turned to the east. The defendant's car struck the plaintiff's car at a point about at the rear of the hood. This is a typical case in which a party drives up a grade, on the wrong side of the road, and suddenly finds, on reaching the crest of the hill, that another car is coming from the opposite direction, properly on the same side of the road. It is the apparent contention of the defendant that, had the plaintiff remained clear over on the right side of the road, the defendant would have been able to have turned sharply to his, the defendant's, right, and avoided a collision. It clearly appears from the record that the plaintiff remained in his proper place until it was apparent that a head-on collision would occur unless something unusual should be done.

The trial court might well have found that an emergency had arisen, created by the defendant; that the plaintiff could not turn farther to the right without going into the ditch; and that, a moment before the collision, he turned to the east; that the defendant turned to the east at the same time, and the collision occurred; that, having thus created the emergency, by his negligence in driving on the west side of the road, in such close proximity to the plaintiff's car, he cannot split hairs with the plaintiff about what he, the defendant, might have been able to do, had the plaintiff not acted in the emergency, in an endeavor to avoid the collision.

This court has said in *Porter v. Madrid State Bank*, 155 Iowa 617:

"* * * although the evidence is conflicting, and the case was properly submitted to the jury, the court may, in the exercise of a sound discretion, and on reasonable grounds of belief that an erroneous verdict has been reached, grant a new trial, in order that the facts may be passed upon by another

jury." Further, the court said: "* * * we have repeatedly held that we will not interfere with the action of the lower court in granting a new trial where there is reasonable ground to believe that an unjust result has been reached which may be obviated on a trial to another jury. *Bottineau Land & Loan Co. v. Hintze,* 150 Iowa 646; *Brooks v. Brotherhood of American Yeomen,* 115 Iowa 588; *Hill v. Denslinger,* 61 Iowa 240; *Moran v. Harris,* 63 Iowa 390; *Engs v. Priest,* 65 Iowa 232; *Holman v. Omaha & C. B. R. & B. Co.,* 110 Iowa 485."

Again, in *Woodbury Co. v. Dougherty & Bryant Co.,* 161 Iowa 571, we said:

"A trial court is justified, indeed, it is its duty, to set aside a verdict which does not effectuate justice, although there may be a conflict in the testimony; and when this is done, appellate tribunals should be slow to interfere."

As was said in *Post v. City of Dubuque,* 158 Iowa 224:

"We have frequently held, and now hold, that such an order as is here appealed from [ordering a new trial] will not be reversed, unless it affirmatively appears that the trial judge has abused his discretion in granting a new trial."

See, also, *Herrman v. O'Connor,* 209 Iowa 1277; *Utseth v. Pratt-Mallory Co.,* 208 Iowa 1324, and cases cited.

The entire record has been carefully examined. The trial court may have found that the verdict for the defendant was not supported by the evidence. Upon the record in this case, to grant a new trial on that ground would not be an abuse of discretion.

In view of a new trial, we will not discuss the various other errors of which complaint is made. The ruling of the trial court in granting a new trial must be, and is,—*Affirmed.*

All the justices concur.