DUANE EBY, by his Next Friend, BEN W. EBY, Appellee, v. RAY SANFORD, Appellant.

No. 43955.

JUNE 15, 1937.

806

Locher & Locher and George C. Gorman, for appellee.

Marvin C. Levsen and Putnam, Putnam, Fillmore & Putnam, for appellant.

MITCHELL, J.—This is an action at law for damages alleged to have been sustained by plaintiff in a collision between an automobile, in which plaintiff was riding, driven by his father, Ben W. Eby, and an automobile driven by the defendant, Ray Sanford. The case was submitted to the jury, which returned a verdict for the defendant. Upon motion being filed for new trial the court set aside the verdict, and from that ruling the defendant has appealed to this court.

It is the contention of appellant that the lower court erred in not sustaining the motion made by him for a directed verdict and that under such circumstances the right of appellant to a directed verdict negatives the right of the appellee to a new trial on any ground.

Duane Eby, a boy thirteen years of age, was riding as a passenger in a car driven by his father in a westerly direction. The accident happened between 5:30 and 6 o'clock on the afternoon of September 30, 1934. The Eby car was being driven on an east and west graveled road, which road was intersected by another graveled road running north and south, at a point about one and a fourth miles west of Scotch Grove. At the intersection thus formed the accident happened. Ray Sanford, the defendant in the court below and the appellant here, immediately prior to the accident, was traveling south, approaching this intersection from the north on the north and south road. The cars collided in the center of the intersection. Both parties were driving Fords.

It is the contention of the appellant that there is no conflict in the evidence, and that the undisputed facts failed to show any evidence of negligence upon the part of Ray Sanford. After reading the record we are not able to agree with this statement.

The testimony shows that the Eby car was proceeding westerly; that when it was about fifty feet from the intersection it was traveling at a rate of speed between 30 to 35 miles per hour; that it was slowed down to somewhere between 15 and 20 miles an hour, and at that point the driver looked to the north and said he saw no car approaching, and then looked to the south and, seeing no car approaching from that direction, he proceeded into the intersection. There is evidence from which the jury could find that appellant was traveling south on the north and south road at a rate of speed between 40 and 50 miles an hour and that he did not see the Eby car until he was in the intersection. The cars collided in the center of the intersection, the left front side of the appellant's car striking the right front side of the Eby car.

This is an intersection collision. The facts are in dispute. We are dealing in fractions of seconds, and courts cannot say as a matter of law which of the two parties was to blame. The question is for the jury to decide upon the evidence submitted.

██ The motion to set aside the verdict, which was based upon seven different grounds, was sustained generally by the lower court. Objections to certain instructions were made in the motion for a new trial. No good could be accomplished by setting out the various grounds contained in the motion. This court has continually said that the granting of a new trial is a matter resting largely in the discretion of the lower court, and the exercise of this discretion will not be interfered with unless it appears to have been abused.

In the case of Rupp v. Kohn, 210 Iowa 969, at page 971, 232 N. W. 174, 175, this court said:

"The jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial, and exceptions to the instructions. The motion for a new trial was a multipointed one, consisting of several grounds. The court ruled generally, without in any wise specifying upon which ground or grounds of the motion a new trial was granted.

"This court said, in Woodbury Co. v. Dougherty & Bryant Co., 161 Iowa 571, 143 N. W. 416, 417, that:

" 'The trial court is vested with a large discretion in passing upon motions for a new trial, and this discretion will not be interfered with, especially when a new trial is granted, unless it

808

appears that there has been an abuse of this discretion. The reasons for this rule have so many times been given that it is needless to do more than cite some of the cases in support thereof: Dewey v. Railroad Co., 31 Iowa 373; Royer v. Plaster Co., 147 Iowa 277, 126 N. W. 168; Holland v. Kelly, 149 Iowa 391, 128 N. W. 338.'

■■■ "Again, in Sheridan Bros. v. Dealy, 198 Iowa 877, 200 N. W. 335, 336, we said:

" 'The granting of a new trial is a matter resting largely in the sound discretion of the trial court, and the exercise of this discretion will not be interfered with, where a new trial has been granted, unless it appears to have been abused. Post v. City of Dubuque, 158 Iowa 224, 139 N. W. 471; Woodbury Co. v. Dougherty & Bryant Co., 161 Iowa 571, 143 N. W. 416; Rosche v. Bettendorf Axle Co., 168 Iowa 461, 150 N. W. 663; Benefiel v. Semper, 185 Iowa 410, 170 N. W. 737; Perry Nat. Bank v. Engnell, 198 Iowa 26, 199 N. W. 283.' And further the court said: 'There can be no reversal of an order sustaining a motion for a new trial if any of the grounds of the motion are good.' "

Upon the record here presented to us we cannot say that the lower court abused its discretion, and it therefore follows that judgment must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.