In re Estate of Emma Younggren.

No. 44373.

June 21, 1938.

L. L. Orsborn and Stephens, Thornell & Millhone, for appellants.

W. C. Ratcliff, R. J. Swanson, and Levi Mattox, for appellees.

Mitchell, J.—Emma C. Younggren, a resident of Page County, died on May 1, 1936, at the age of 91. At the time of her death she was the owner of 1,240 acres of land in Page County and had a fractional interest in 160 acres in South Dakota. In addition to the real estate she owned a large amount of personal property. Her husband had died many years before. She left surviving her as her only heirs the following persons: Her son, Luther, a daughter, Ellen, and certain grandchildren.

Shortly after the death of Emma Younggren there was filed in the office of the clerk of the district court of Page County a

written instrument, dated July 6, 1932, purporting to be the last will and testament of Emma C. Younggren. On the 23d day of May, 1936, Lawrence W. Younggren, Herbert Younggren, Nellie V. Hunt, and Florence E. Anderson, filed their objections to the probate of the will, which contained the following:

" * * *

"1. That said instrument was obtained by undue influence and coercion by her son, Luther Younggren, upon the said Emma C. Younggren, and, therefore, said instrument is not the last will and testament of the said Emma C. Younggren, deceased, and should not be admitted to probate.

"2. That at the time said instrument purports to have been executed by the said Emma C. Younggren she was nearly eighty-eight years of age, had been in feeble health for some time, and was not able to understand and fully appreciate the contents of said instrument purporting to be her last will and testament; that said instrument is unfair and unjust and provides for an unequal and unfair distribution of her property."

There was a denial by the proponents of the contestants' claim. The case proceeded to trial. Evidence was offered, and the court submitted to the jury the question of whether or not the testatrix knew the contents of the will at the time of its execution. The jury returned a verdict for the contestants. Proponents then made a motion for a new trial, setting out five specific grounds. The motion for a new trial was sustained generally by the court, and the contestants have appealed to this court from the ruling granting a new trial.

The only question in this appeal is, Did the trial court err in granting a new trial?

It is a rule of law that an order which grants a new trial on a numerous-pointed motion will not be interfered with on appeal when one of the grounds is that the verdict is contrary to the evidence and the record shows that the testimony is in conflict.

That is exactly what is confronting us in this case. There were five grounds in the motion, and one of them was that the verdict was contrary to the evidence. The motion was sustained generally.

In the case of Lange v. Nissen, 204 Iowa 1080, at page 1082, 216 N. W. 697, at page 698, we find:

"We have also said that, where the evidence is conflicting, the court's ruling on a motion for a new trial will not be interfered with where one of the grounds is the want of evidence to support the verdict, or that the verdict is contrary to the evidence. Mitchell v. Des Moines City R. Co., 161 Iowa 100, 141 N. W. 43.

"Turning to the record, we find that the evidence is in serious conflict as to certain of the material facts. The motion for a new trial, among other grounds, states that the verdict is contrary to the evidence, and that there is no evidence warranting the submission of the case to the jury. Under the rules above announced, under these circumstances we will not interfere with the ruling of the district court on this motion for a new trial."

In the very recent case of Morton v. Equitable Life Ins. Co.; 218 Iowa 846, 254 N. W. 325, Justice Anderson, speaking for this court, said at pages 849, 850, 254 N. W., at page 326:

"The motion for a new trial was sustained by the court generally and without any comment or indication as to which ground or grounds of the motion it based its ruling. From such ruling, the defendant-appellant prosecutes this appeal.

"It is the settled law of this state that the appellate court will not ordinarily interfere with the discretion of the trial court in granting a new trial. It must appear clearly that there has been an abuse of the discretion lodged in the trial court before this court will interfere with a ruling granting a new trial. The fact that the trial court has had the witnesses before it, heard their testimony, had opportunity to observe the effect of the evidence and the general conduct of the trial, places the trial court in a much better position to pass upon the question as to the right of a new trial than this court can be by presentation of the issues upon appeal. Resultantly, we have been very reluctant to interfere with the action of trial courts in granting motions for new trials. Brooks v. Brotherhood of American Yeomen, 115 Iowa 588, 88 N. W. 1089; Holland v. Kelly, 149 Iowa 391, 128 N. W. 338; Royer v. King's Crown Plaster Company, 147 Iowa 277, 126 N. W. 168; Post v. City of Dubuque, 158 Iowa 224, 139 N. W. 471; Woodbury Co. v. Dougherty &

Bryant Co., 161 Iowa 571, 143 N. W. 416; Thomas v. Illinois Central R. Co., 169 Iowa 337, 151 N. W. 387; Rupp v. Kohn, 210 Iowa 969, 232 N. W. 174.

"The court can set aside a verdict on its own motion. Thomas v. Illinois Central R. Co., supra.

"While no one ruling may in itself constitute error sufficient to set aside a verdict, yet when taking the whole record and considering all the rulings and exceptions together, in connection with the knowledge and observation of the trial court as to the course and conduct of the trial, the trial court may conclude, and properly so, that there has not been a fair trial, and that the losing party is entitled to another hearing. Holland v. Kelly, 149 Iowa 391, 128 N. W. 338."

Justice Stevens, speaking for this court, in the case of Bloomfield State Bank v. Seabury, 200 Iowa 37, at page 39, 204 N. W. 259, at page 260, said:

"The only serious question in the case is whether the court, in granting a new trial, abused its discretion. The only issue submitted to the jury was whether or not notice of dishonor was posted, as required by the statute. The court, in passing upon the motion for a new trial, stated that, notwithstanding the fact that the evidence was sufficient to carry this issue to the jury, he felt that the verdict was not fairly sustained thereby, and that a new trial, which would give another jury an opportunity to pass upon the facts, should be granted. We have too often stated and elaborated the rule which must govern trial courts in passing upon motions for a new trial to discuss it further in this opinion. It cannot be assumed that the court desired to substitute his judgment for that of the jury. The issue was a narrow one, and the testimony was not voluminous. The court was in a position of advantage in determining the merits of the motion. We are not persuaded by the record that its discretion in sustaining the motion for a new trial was abused."

In Rupp v. Kohn, 210 Iowa 969, at pages 972, 973, 232 N. W. 174, at page 176, we find Justice Grimm used the following language:

" ' * * * although the evidence is conflicting, and the case was properly submitted to the jury, the court may, in the exercise of a sound discretion, and on reasonable grounds of belief

352

that an erroneous verdict has been reached, grant a new trial, in order that the facts may be passed upon by another jury. * * * we have repeatedly held that we will not interfere with the action of the lower court in granting a new trial where there is reasonable ground to believe that an unjust result has been reached which may be obviated on a trial to another jury. * * * '

" 'A trial court is justified, indeed, it is its duty, to set aside a verdict which does not effectuate justice, although there may be a conflict in the testimony; and when this is done, appellate tribunals should be slow to interfere.' * * *

" 'We have frequently held, and now hold, that such an order as is here appealed from [ordering a new trial] will not be reversed, unless it affirmatively appears that the trial judge has abused his discretion in granting a new trial.' * * *

"The entire record has been carefully examined. The trial court may have found that the verdict for the defendant was not supported by the evidence. Upon the record in this case, to grant a new trial on that ground would not be an abuse of discretion."

We have carefully examined the record. There is a conflict in the evidence. The motion contains five different grounds. We cannot say that the trial court abused its discretion in granting a new trial.

It therefore follows that this case must be, and it is hereby, affirmed.—Affirmed.

CHIEF JUSTICE and ANDERSON, KINTZINGER, DONEGAN, HAMILTON, and SAGER, JJ., concur.