WM. T. MITCHELL, Appellee, v. J. L. HEATON, Appellant.

No. 44985.

1072

February 6, 1940.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellee.

Miller, Huebner & Miller and G. F. Hoffman, for appellant.

STIGER, J.—Plaintiff's motion to dismiss appeal is overruled. The verdict was returned December 21, 1938. Plaintiff was given until January 20, 1939, to file a motion for new trial. On January 13, 1939, plaintiff filed his motion alleging the following grounds:

"1st: That the verdict is not supported by sufficient evidence.

"2nd: That the verdict is not supported by the law.

"3rd: That the uncontradicted and substantial evidence in this case shows that plaintiff was entitled to recover and

that the verdict of the jury in this case is against the weight of the evidence.

"4th: That the verdict returned by the jury does not do substantial justice and is an injustice to the plaintiff.

"5th: That the verdict returned by the jury in this case was the result of passion and prejudice and is not the result of due deliberation on the part of the jury.

"6th: That the verdict of the jury is wrong and should be set aside.

"7th: That the verdict of the jury is contrary to the instructions of the court.

"8th: That the verdict of the jury is contrary to the evidence and is not supported by the evidence.

"9th: That the members of the jury were prejudiced against plaintiff and his side of the case and that he did not know this until after the verdict was returned."

After the extended time and on February 18, 1939, plaintiff filed an amendment to his motion alleging:

"1. That the verdict is an illegal one.

"2. That the verdict was arrived at by agreement made in advance that the verdict of the majority was to prevail.

"3. That the verdict is not the verdict of the jury, but of only a majority of same.

"4. That the verdict was arrived at by lot and/or chance.

"5. That the jury was guilty of illegal conduct in arriving at the same.

"Wherefore plaintiff asks for a new trial on his original motion as made more specific by this amendment."

Appellant filed a motion to strike the amendment because, not being germane to the original motion, it was filed too late. The motion to strike was overruled.

The trial court sustained the motion and amendment on all grounds contained therein.

Appellant's first assignment is that the court erred in overruling defendant's motion to strike the amendment.

An amendment to a motion for a new trial may be filed after the statutory or extended time for filing the motion if it is germane to the original motion. Sowden v. Craig, 20 Iowa 477; Dutton v. Seevers, 89 Iowa 302, 56 N. W. 398; Guth

v. Bell, 153 Iowa 511, 133 N. W. 883, 42 L. R. A., N. S., 692, Ann. Cas. 1913E 142; Smith v. Smith, 160 Iowa 111, 140 N.W. 659; Reed v. Town of Wellsburg, 179 Iowa 593, 161 N. W. 660.

Among the grounds for a new trial are the following: The verdict was contrary to law, was not the result of due deliberation on the part of the jury and was contrary to the instructions of the court. In its instructions the court stated it was the duty of the jurors to follow the instructions of the court and base their verdict solely on the evidence, and, guided by the instructions, to arrive at the very truth of the matter. The instructions also told the jurors that they should not indulge in any speculations or conjectures and that all conclusions drawn by them should be based solely on the evidence and the instructions of the court.

At the hearing on the motion for new trial four jurors testified that at a stage in the deliberations of the jury when it stood eleven for plaintiff and one for defendant it was agreed in advance that the jury would be bound by a majority vote. A vote was then taken, plaintiff receiving five votes and defendant seven votes. Thereupon, the jury returned its illegal verdict for the defendant.

■ It is the duty of the jury to follow the instructions of the court. If it clearly appears that the jury, in arriving at its verdict, disregarded the instructions, a new trial must be granted. In re Estate of Stevens, 223 Iowa 369, 272 N. W. 426.

■ ■ The verdict, based upon a majority vote, was in disregard of the instructions of the court and was not the result of due deliberation by the jury. The amendment was germane to the original motion and, as the verdict was not the result of the deliberate judgment and conscientious conviction of the jurors on the merits of the case, it was the duty of the court to set it aside. Merserve v. Shine, 37 Iowa 253; Gordon v. Moore, 174 Iowa 376, 156 N. W. 410.

■ If the overruling of the motion to strike the amendment was error there was no prejudice to appellant because the motion for new trial was sustained generally and there can be no reversal if one or more of the grounds were good.

It is apparent from the statement of the trial court in its ruling on the motion that it was of the opinion that the verdict

was not sustained by the evidence and that plaintiff did not receive a fair and impartial trial. In the course of its remarks, the court stated:

"In this case the action was based upon the claimed negligence of the defendant by reason of a defective wheel upon an automobile which he was driving and in which the plaintiff was riding. Now, there was practically no dispute whatever in the evidence regarding the defective condition of the wheel and the cause of the accident which resulted in plaintiff's injuries. Now, there was no dispute whatever but what there was a defective condition in the automobile and there was no dispute whatever but what the wheel came off of the car causing it to cause the wreck which injured the plaintiff."

The court further said:

"As the Court remembers the evidence of the defendant himself, he practically admitted liability here." The court apparently had in mind the testimony of the defendant that he knew the wheel wasn't safe.

█ It must clearly appear that there has been an abuse of the discretion lodged in the trial court before this court will interfere with the ruling granting a new trial. Hawkins v. Burton, 225 Iowa 1138, 281 N. W. 790.

In Porter v. Madrid St. Bk., 155 Iowa 617, 619, 136 N. W. 666, 667, the opinion states:

" * * * although the evidence is conflicting and the case was properly submitted to the jury, the court may, in the exercise of a sound discretion and on reasonable grounds of belief that an erroneous verdict has been reached, grant a new trial in order that the facts may be passed upon by another jury. * * *

" * * * we have repeatedly held that we will not interfere with the action of the lower court in granting a new trial where there is reasonable ground to believe that an unjust result has been reached which may be obviated on a trial to another jury." See Woodbury County v. Dougherty & Bryant Co., 161 Iowa 571, 143 N. W. 416; Rupp v. Kohn, 210 Iowa 969, 232 N. W. 174; Morton v. Equitable Life Ins. Co., 218 Iowa 846, 254 N. W. 325; In re Estate of Younggren, 225 Iowa 348, 280 N. W. 556.

We find nothing in the record to support appellant's contention that the sustaining of the motion for a new trial was an arbitrary abuse of discretion.—Affirmed.

HAMILTON, C. J., and SAGER, RICHARDS, MITCHELL, BLISS, HALE, and OLIVER, JJ., concur.

MILLER, J., takes no part.