Roland Brunssen, Appellant, v. Lloyd Parker, Appellee.

No. 45072.

April 2, 1940.

Tobin, Tobin & Tobin and Putnam, Putnam, Fillmore & Putnam, for appellant.

Harold C. Kruse and Nichols, Nichols & Milroy, for appellee.

Oliver, J.—Appellant was injured in a head-on collision between an automobile in which he was riding and a car driven by appellee. The accident occurred at night, near the crest of a hill, on a narrow paved country highway. The car in which appellant was riding was then attempting to pass another car, traveling in the same direction, and was on the left-hand side of the highway. Alleging the collision was due to the negligence

of appellee, appellant instituted this action at law. The case was tried to a jury, appellee then not being represented by the counsel who now appear for him. The jury returned a verdict in favor of appellant. The trial court set aside the verdict and granted a new trial. This appeal is taken from said order.

Appellee's motion for new trial contained several grounds, one of which was that the verdict was contrary to the evidence. In addition to sustaining the motion generally the court's order contained the following:

"In granting the new trial aforesaid the court does not limit itself to the matters set forth in the motion for new trial filed by the defendant herein but the court feels and is persuaded that it cannot give its approval to the verdict returned by the jury herein in view of the entire record in the cause and believes that in furtherance of justice the cause should be retried."

One of the grounds of the motion for new trial was that the verdict was contrary to the evidence. The motion was sustained generally. The evidence was in serious conflict. These elements bring this case squarely within the rule established by a long line of decisions that where the evidence is conflicting the order of a trial court granting a new trial upon the ground that the verdict is contrary to the evidence will not be reversed unless it clearly appears there has been an abuse of the discretion lodged in the trial court. Mitchell v. Heaton, 227 Iowa 1071, 290 N. W. 39; In re Estate of Younggren, 225 Iowa 348, 280 N. W. 556; Hawkins v. Burton, 225 Iowa 1138, 281 N. W. 790; Rupp v. Kohn, 210 Iowa 969, 232 N. W. 174; Woodbury Company v. Dougherty & Bryant, 161 Iowa 571, 143 N. W. 416; Porter v. Madrid State Bank, 155 Iowa 617, 136 N. W. 666; Thomas v. Illinois Central Railroad Co., 169 Iowa 337, 151 N. W. 387.

The order also stated that under the entire record the court could not give its approval to the verdict and believed that in furtherance of justice the cause should be retried. If a party has not received a fair and impartial trial, the trial court has inherent power to set aside the verdict. Morton v. Equitable Life Insurance Co., 218 Iowa 846, 254 N. W. 325; Thomas v. Illinois Central Railroad Co., supra; In re Estate of Younggren, supra.

The remaining question is whether or not the trial court abused its discretion in setting aside the verdict and granting a new trial. A careful examination of the record persuades us that there was no abuse of discretion in the ruling.

In view of this conclusion other grounds of the motion and ruling need not be considered.

The order of the trial court is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.